UNITED STATES of America, Plaintiff,

v.

$319,820.00 IN UNITED STATES CURRENCY, Defendant.

Civ. A. No. C85–055A.

United States District Court,
N.D. Georgia,
Atlanta Division.

April 10, 1986.

Amy O. Levin, Atlanta, Ga., for plaintiff.

James F. Gilbridge and Scott A. Silver, Gilbridge, Heller & Brown, Miami, Fla., Mark J. Kadish, Alan J. Baverman, Kadish & Kadish, Atlanta, Ga., for defendant.

## ORDER

ROBERT H. HALL, District Judge.

Presently pending in this 21 U.S.C. § 881(a)(6) forfeiture action is a motion to impose an attorney's fees charging lien and for release of funds held in the court's registry. For the reasons disclosed below, this motion is DENIED.

## BACKGROUND

The Government initiated this forfeiture action on January 10, 1985, on the theory that the defendant currency was forfeitable under the Drug Abuse Prevention Act, 21 U.S.C. §§ 801 *et seq.*, specifically 21 U.S.C. § 881(a)(6). The defendant currency, seized May 12, 1984, was deposited into the registry of the court on November 8, 1985, pending a determination of forfeiture.

On February 7, 1986, one day into the trial to determine the forfeitability of the defendant property, the Internal Revenue Service served a Notice of Levy on the Clerk of the Court asserting a lien on the currency on behalf of the United States for unpaid taxes of Jose Thomas Vargas, one of the claimants to the property. *See* 26 U.S.C. § 6321. The date of tax assessment, as indicated on the Notice of Levy, was November 9, 1984. The total amount of the outstanding tax liability was stated as $662,867.

At the conclusion of the trial on February 11, 1986, the court concluded that the defendant property was not forfeitable under § 881(a)(6) and awarded the property to claimant Vargas. (A written order reflecting that ruling was subsequently entered on April 6, 1986.)

On March 12, 1986, after learning that the court would not authorize the release of the funds in its registry to Vargas in light of the IRS levy, counsel for Vargas filed the motion presently pending before the court.

## DISCUSSION

Counsel's motion for the imposition of an attorney's lien on the funds held by the court is based on the purported contingent fee agreement which he had with claimant Vargas to represent him.[1] Counsel asks the court to recognize the priority of his lien and order the release of one-third of the defendant currency (including all accrued interest) to him. Alternatively, counsel urges the court to authorize the release of this money to him under a theory of unjust enrichment or under a theory of waiver.

Assuming counsel's fee agreement with Vargas was as he describes and assuming counsel has a valid state-created attorney's

---

1. Counsel does not submit proof of the fee agreement he had with Vargas.

lien on the funds in question, the court makes the following conclusions.[2]

## A. *The Priority Statute*

■ When the United States is asserting a lien for unpaid taxes, federal common law and the Federal Tax Lien Act of 1966, 26 U.S.C. §§ 6321–6326 (1976), govern the resolution of priorities among competing claims. *See Rice Investment Co. v. United States*, 625 F.2d 565 (5th Cir.1980). Federal lien law generally conforms to the notion that a lien "first in time is first in right," however, there are exceptions to this general rule as well as a number of rules which govern the determination of when a federal tax lien arises and when a state-created lien arises for the purposes of the general rule. *See id.* at 568–69.

■ A federal tax lien arises and is enforceable upon assessment of the tax and demand for payment. 26 U.S.C. §§ 6321 and 6322. That the Government might not file notice until some future date, if at all, does not affect the immediate attachment of a tax lien when liability is assessed.

Notwithstanding the attachment of a tax lien upon assessment, subsection (a) of 26 U.S.C. § 6323 provides that purchasers, holders of security interests, mechanics lienors, and judgment lien creditors will prevail over a tax lien if their interest attaches before the Government files appropriate notice. 26 U.S.C. § 6323(a). Attachment occurs at the moment the interest becomes choate under federal law principles, which is when "the identity of the lienor, the property subject to the lien, and the amount of the lien are established." *United States v. City of New Britain*, 347 U.S. 81, 86, 74 S.Ct. 367, 370, 98 L.Ed. 520 (1954). *See also United States v. Equitable Life Assurance Society*, 384 U.S. 323, 86 S.Ct. 1561, 16 L.Ed.2d 593 (1966); *United States v. Pioneer American Insurance Co.*, 374 U.S. 84, 83 S.Ct. 1651, 10 L.Ed.2d 770 (1963).

Subsection (b) of § 6323 provides protection for certain interests even though a tax lien has attached and a notice has been filed by the Government. One interest which is afforded such "superpriority" status is an attorney's lien, with one significant exception:

> Even though notice of a lien imposed by section 6321 has been filed, such lien shall not be valid ... [w]ith respect to a judgment or other amount in settlement of a claim or of a cause of action, as against an attorney who, under local law, holds a lien upon or a contract enforceable against such judgment or amount to the extent of his reasonable compensation for obtaining such judgment or procuring such settlement, *except that this paragraph shall not apply to any judgment or amount in settlement of a claim or of a cause of action against the United States to the extent that the United States offsets such judgment or amount against any liability of the taxpayer to the United States.*

26 U.S.C. § 6323(b)(8) (Emphasis added). Thus, an attorney's lien is given priority status over a federal tax lien *except* when the lien is upon a judgment or amount in settlement of a claim or action against the United States in favor of an individual with an outstanding tax liability; in that situation, the federal tax lien has priority over the attorney's lien to the extent of the tax liability of the attorney's client.

■ Applying these rules to the instant case, the court concludes that the federal tax lien has priority over the asserted attorney's lien. There is no question that the tax lien attached and the Notice of Levy was filed before the attorney's lien became choate; the attorney's lien did not become choate until at least February 11, 1986, the date the court announced its decision as to the forfeitability of the defendant currency, whereas the tax was assessed and notice was filed on November 9, 1985, and February 7, 1986, respectively. Thus, the

---

**2.** The court notes that the Government does not challenge this court's power to rule on counsel's motion. *See McKee-Berger-Mansueto, Inc. v.*

*Board of Education*, 691 F.2d 828, 831 (7th Cir. 1982).

tax lien has priority over the attorney's lien under 26 U.S.C. § 6323(a) and the "first in time" principle.

██ Counsel's contention that the tax lien did not attach to the defendant currency prior to the court's February 11 ruling because Vargas had no property rights in the currency from the time the Government seized it until the court's ruling is meritless. Counsel's argument is based on the doctrine of relation back as announced in *United States v. Stowell,* 133 U.S. 1, 10 S.Ct. 244, 33 L.Ed. 555 (1890), and applied by the former Fifth Circuit in certain civil forfeiture proceedings.[3] *See United States v. One 1967 Crist-Craft 27 Foot Fiber Glass Boat,* 423 F.2d 1293, 1294 (5th Cir.1970) (forfeiture proceeding under Internal Revenue Code); *Florida Dealers & Growers Bank v. United States,* 279 F.2d 673, 676 (5th Cir.1960) (same); *Wingo v. United States,* 266 F.2d 421, 423 (5th Cir. 1959) (same). This doctrine holds that when a federal statute provides for the forfeiture of specific property used in or connected with the commission of a certain act upon the commission of that act, the forfeiture takes effect immediately upon the commission of the act, with the right to the property vesting in the United States at the time the offense is committed even though the judicial condemnation does not occur until later; the judicial condemnation is said to "relate back" to the time the offense was committed. *Stowell,* 133 U.S. at 17–18, 10 S.Ct. at 247–248.

██ This doctrine does not operate in this action to produce the results suggested counsel for two reasons. First, even as-

suming the doctrine applied to § 881(a)(6) forfeitures, title to the defendant currency could never have vested in the Government because the court has determined that no illegal activity occurred to subject the currency to forfeiture. Second, the doctrine of relation back does not even apply to § 881(a)(6) forfeitures because the underlying forfeiture statute is "permissive," providing only that certain property "shall be *subject* to forfeiture." 21 U.S.C. § 881(a)(6) (Emphasis added). *See United States v. Currency Totalling $48,318.08,* 609 F.2d 210 (5th Cir.1980) (the doctrine of relation back does not apply where the underlying forfeiture statute is permissive, that is, provides only for a possibility of subsequent forfeiture). *Accord United States v. Thirteen Thousand Dollars in United States Currency,* 733 F.2d 581, 584 (8th Cir.1984) (the doctrine of relation back does not apply to § 881(a)(6) forfeitures because 21 U.S.C. § 881 is a permissive forfeiture statute).[4]

██ Having determined that the attorney's lien does not have priority in time, the court must now consider whether the attorney's lien has priority over the tax lien under § 6323(b)(8). The court finds that it does not. The attorney's lien is upon a judgment against the United States and must give way to the tax lien to the extent of the tax liability of counsel's client (Vargas); since the tax liability exceeds the judgment, there is nothing upon which the attorney's lien can be imposed.

The court rejects counsel's argument that a judgment in favor of a claimant in a forfeiture action is not a judgment "against

---

3. Counsel also bases his argument on two decisions involving state property law, *Metropolitan Dade County v. United States,* 635 F.2d 512 (5th Cir.1981) (applying Florida forfeiture statute to determine whether taxpayer had an interest in certain property for purposes of federal taxation), and *Herlihy v. Phoenix Assurance Co.,* 274 A.D. 342, 83 N.Y.S.2d 707 (1948) (applying New York property law for same reason). The court finds these decisions irrelevant to the instant action; while state law normally controls in determining whether a taxpayer had an interest in certain property for purposes of federal taxation, *see Aquilino v. United States,* 363 U.S. 509,

513, 80 S.Ct. 1277, 1280, 4 L.Ed.2d 1365 (1960), the effects of a federal seizure and the institution of a federal forfeiture proceeding on an individual's property rights is a matter of federal law. *See United States v. Stowell,* 133 U.S. 1, 10 S.Ct. 244, 3 L.Ed. 555 (1890).

4. The district court in *United States v. One Piece of Real Estate,* 571 F.Supp. 723, 725 (W.D.Tex. 1983), apparently was not aware of *United States v. Currency Totalling $48,318.08* when it applied the doctrine of relation back to a § 881(a)(6) forfeiture action.

the United States" within the meaning of § 6323(b)(8). Even though the United States will not have to pay any of its own money to satisfy such a forfeiture judgment,[5] the judgment is "against the United States" in the sense that the Government has lost its attempt to secure a forfeiture of the defendant property and must return seized property. Subsection (b)(8) of § 6323 does not require more.[6] *Accord Brooks v. United States*, 271 F.Supp. 671 (E.D.Ky.1967) (federal tax lien upon funds ordered to be returned to claimant in a forfeiture action under Internal Revenue Code held to be superior to attorney's lien on same funds under exception of 26 U.S.C. § 6323(b)(8)).

### B. *Unjust Enrichment and Waiver*

 The court turns to counsel's argument that he should be allowed to recover his attorney's fees on the basis of the equitable principle of unjust enrichment. According to counsel it would be unfair to allow him to go uncompensated when it was his efforts which established Vargas' property rights in the defendant currency and, in turn, made the tax lien enforceable. The court finds this argument unconvincing; the exception to 26 U.S.C. § 6323(b)(8)

would be rendered meaningless if the court accepted counsel's position for it is always the efforts of attorneys which lead to the judgments against the United States covered in that exception.

 Counsel's final argument for recognizing the priority of his attorney's lien is that the IRS has waived all rights to the funds for failure to intervene in this forfeiture action. Since there is nothing in the Internal Revenue Code or the Drug Abuse Prevention Act which requires the IRS to enforce a tax lien by intervening in a forfeiture action, the court rejects this argument.

### CONCLUSION

For the above-stated reasons, the court DENIES counsel's motion for the imposition of an attorney's fees charging lien and for the release of the funds held in the court's registry.[7]

---

5. Contrary to what the Government contends, the defendant currency never became the property of the United States such that the judgment against it requires the United States to remove $319,820 from its coffer. As the court has already discussed, title to the defendant currency never vested in the United States. (*See* discussion *supra* ).

6. Counsel relies heavily on the legislative history of § 6323(b)(8) as support for his position. Specifically he points to the following excerpt from a Congressional report:

   [U]nder the [Federal Tax Lien Act], in a proceeding against the Government, the Government retains its right to set off against any *recoveries* from it any amounts due it by the taxpayer on account of any tax or any other debt or claim. This setoff means that the attorney's lien superpriority does not apply with respect to judgments he obtains for the taxpayer against the Government.

   S.Rep. No. 1708, 89th Cong., 2d Sess. 6; H.R. Rep. No. 1884, 89th Cong., 2d Sess. 6, *reprinted in* 1966 U.S.Code Cong. & Ad.News 3722, 3727 (Emphasis added).

The court, however, does not find that this excerpt mandates a ruling that the exception to § 6323(b)(8) only applies when the Government is required to pay out money to satisfy a judgment. A taxpayer can "recover" from the Government without the Government paying out money, such as when the taxpayer recovers property (*e.g.*, money) wrongfully taken by the Government. Besides, even if the authors of the cited excerpt meant that the Government retains the right to set off unpaid taxes against compensatory-type recoveries from it, there is nothing to indicate that the authors thought this right was the *exclusive* right to be provided by § 6323(b)(8). *But see Hill, Christopher & Phillips v. United States Postal Service*, 535 F.Supp. 804, 805 (D.D.C.1982) (finding purpose of § 6323(b)(8) to prevent attorney from "tak[ing] money out of one of the Government's pockets" when client has outstanding tax liability).

7. The court notes that the IRS has not yet moved for release of the funds in the court's registry. The Clerk is directed to continue holding the funds until the IRS files a proper motion and such motion is granted by the court.