In the Matter of the FORFEITURE OF A 1977 CHEVROLET PICKUP.

STATE of Oklahoma, Appellant,

v.

CORNER STONE BANK, SOUTHWEST CITY, MO., Appellee.

No. 65526.

Court of Appeals of Oklahoma, Division No. 2.

Feb. 17, 1987.

---

Robert W. Cole, William H. Luker, Asst. Attys. Gen., Oklahoma City, for appellant.

Phil Thompson, Jay, for appellee.

REIF, Judge.

The State appeals the denial of its application to forfeit a pickup seized during an unlawful delivery of marijuana. The trial court ordered that the truck be released to Corner Stone Bank of Southwest City, Missouri, even though it became a secured creditor *after* the offense and seizure. It was stipulated that the Bank had no knowledge or reason to believe the truck had been previously used by the owner-debtor to violate Oklahoma's drug laws. The Bank took its interest about a week before a notice of intended forfeiture was filed and served on the owner.[1] It was also stipulated that the truck had been in the custody of Delaware County authorities from its seizure through the date of the forfeiture hearing. The court found that the Bank was "an innocent mortgagee" despite the fact the Bank had made no effort to examine the vehicle which would have disclosed its impoundment.

In Oklahoma, the seizure and forfeiture of vehicles and other conveyances used to transport drugs for distribution is authorized by statute. 63 O.S.Supp. 1986 § 2-506. The State argues that the trial court erred in construing and applying the statute in this case by finding that the interest of the Bank, taken after the offense and seizure, was superior to the State's right. Citing *United States v. Stowell*, 133 U.S. 1, 10 S.Ct. 244, 33 L.Ed. 555 (1890), and its progeny, the State argues that forfeiture statutes work a transfer of the right to property to the government *at the time of the offense*. A subsequent adjudication of forfeiture merely perfects the government's title and when obtained, relates back to the time of the offense. All intermediate sales and alienations, including those in good faith, are voided. The Bank argues that Oklahoma's statute was properly applied in accordance with its *express* terms and no construction of it was necessary.

▮ Subsection (H) of the statute provides that the "claimant of any right, title or interest in the vehicle ... may prove his lien, mortgage or conditional sales contract to be bona fide." He is to further show that his "right, title or interest was created without any knowledge or reason to believe that the vehicle ... *was being, or was to be,* used for the purpose charged." (Emphasis added.) This language clearly applies to interests obtained without knowledge that the defendant was using the vehicle for prohibited acts or would use the vehicle in the future for prohibited acts. It does not cover a case where the interest is

---

1. The owner was arrested and the pickup seized on July 18, 1984. The Bank lent money to the owner on July 26, 1984, and perfected its security interest in the pickup that day. The State served notice of seizure and forfeiture on the owner on August 3, 1984.

obtained after the vehicle *had been or was used* for the purpose charged.

In subsection (I), an innocent lien holder or mortgagee is to receive the vehicle "if the amount due him is equal to, or in excess of, the value of the vehicle ... *as of the date of the seizure,* it being the intention ... to forfeit only the right, title or interest of the purchaser." (Emphasis added.) Reading subsections (H) and (I) together reveals that the State acquires the value of any right, title, or interest of a defendant as of the date of the seizure, subject only to bona fide or innocent secured creditors as may have existed prior to the seizure.

■■■ We hold that the post-seizure lien of Corner Stone Bank was ineffective against the right of the State of Oklahoma and the court erred in ordering the vehicle released to the Bank. In doing so we do

not adopt the expansive rule of *Stowell,* and its progeny, because the language of the Oklahoma forfeiture statute does not admit to such an interpretation. The State's rights are to the defendant's unencumbered interest in the vehicle as of the date of the seizure.[2]

Reversed and remanded with instructions to forfeit the vehicle to the State of Oklahoma and to proceed as directed by law.

MEANS, P.J., and BACON, J., concur.

---

**2.** The forfeiture statute in question is part of the Uniform Controlled Dangerous Substances Act, 63 O.S.1981 and Supp.1986 §§ 2–101 through 2–608. Section 2–603 states that the Act shall be so construed as to effectuate its general purpose to make uniform the law of those states which enact it. Oregon has enacted the Act and its seizure and forfeiture provision was construed by its court of appeals. *State v. Crampton,* 30 Or.App. 779, 785, 568 P.2d 680, 684 (1977), held that under Oregon's drug forfeiture statute "no post-seizure lien can be created where the subject property has been thus seized." The special concurrence stressed that the pivotal time after which no further liens may attach is the moment when the state takes physical possession of the vehicle.

The Supreme Court of Iowa has interpreted the Act's forfeiture provision as requiring the validity of an alleged secured party's interest in a seized vehicle to be determined "as of the date of seizure." *State v. One Certain Conveyance 1978 Dodge Magnum,* 334 N.W.2d 724, 727 (Iowa 1978).

A sound policy reason for such an interpretation of Act's forfeiture provision was given in *State v. One 1978 Chevrolet Corvette,* 8 Kan. App.2d 747, 749, 667 P.2d 893, 896 (1983) (emphasis added).

> To permit the guilty owner to realize the value of the car by sale to an "innocent" owner or by mortgage to an "innocent" lienholder *after seizure* would defeat more than just the penal aspects of the statute. In case of a sale there could be no forfeiture; in case of a lien there could well be nothing left to forfeit. Either way the legislative intent to penalize the guilty owner would be frustrated.

This case dealt with a post-seizure attorney's lien obtained with notice of the offense and seizure. However, the court in dicta suggested that in a case where the mortgagee did not know of the offense and seizure, the State's physical custody might well be sufficient constructive notice to negate the bona fide and "innocent" requirement.