The STATE of Oklahoma, ex rel., Robert H. MACY, District Attorney of the Seventh Prosecutorial District, Petitioner,

v.

The Honorable Leamon FREEMAN, Judge of the District Court of Oklahoma County, Respondent.

Nos. 76648, 76789.

Supreme Court of Oklahoma.

June 25, 1991.

Robert H. Macy, Dist. Atty., Andrea J. Poteet, John M. Jacobsen, Asst. Dist. Attys., Oklahoma City, for petitioner.

Robert A. Ravitz, Public Defender, Oklahoma City, for respondent.

KAUGER, Justice.

In these cases of first impression,[1] we are asked to determine whether fines and costs associated with convictions for possession of a controlled dangerous substance with the intent to distribute and possession of a controlled dangerous substance may be paid from the proceeds of civil forfeiture proceedings brought pursuant to the Uniform Controlled Dangerous Substances Act (Controlled Dangerous Substances Act), 63 O.S.Supp.1989 § 2-101 et seq.[2] We find that 63 O.S.Supp.1990 § 2-506(L)[3] provides a mandatory payment schedule for property forfeited pursuant to the Uniform Controlled Dangerous Substances Act, 63 O.S.Supp.1989 § 2-101 et seq. Because the mandatory payment schedule does not provide for the payment of fines and costs assessed in conjunction with a conviction for possession of a controlled dangerous substance with the intent to distribute and possession of a controlled dangerous substance, a trial court may not require that the fines and costs be paid from the proceeds of forfeited property.

## FACTS

### A.

### *Underlying criminal conviction.*

On January 10, 1990, during the service of a search warrant, an Oklahoma City Police Officer saw Eusebie Hernandez Cruz (defendant/Cruz), the defendant in the underlying criminal action, try to dispose of a plastic bag. The bag appeared to

---

1. These applications for original jurisdiction, No. 76,648—*State of Oklahoma, ex rel. Robert H. Macy, District Attorney of the Seventh Prosecutorial District v. The Honorable Leamon Freeman, Judge of the District Court of Oklahoma County* and No. 76,789—*State of Oklahoma, ex rel. Robert H. Macy, District Attorney of the Seventh Prosecutorial District v. The Honorable Leamon Freeman, Judge of the District Court of Oklahoma County,* are deemed consolidated. *State v. Lynch,* 796 P.2d 1150, 1152 (Okla.1990). We note that two other causes presenting the same issue considered here are currently in the appellate pipeline. See, No. 76,876—*The State of Oklahoma, ex rel., Robert H. Macy, District Attorney of the Seventh Prosecutorial District v. One Hundred Fifty Two Dollar & No/100— ($152.00)* and No. 76,753—*The State of Oklahoma, ex rel., Robert H. Macy, District Attorney of the Seventh Prosecutorial District v. One Hundred Fifty Two Dollar & No/100 ($152.00).*

2. *The constitutionality of the Controlled Dangerous Substances Act is not presented for our review.*

3. Title 63 O.S.Supp.1990 § 2-506 provides in pertinent part:
 "... L. The proceeds of the sale of any property not taken or detained by the Oklahoma State Bureau of Narcotics and Dangerous Drugs Control, the Oklahoma Department of Public Safety, the Oklahoma State Bureau of Investigation or the Alcoholic Beverage Laws Enforcement Commission shall be distributed as follows, in the order indicated:
 1. To the bona fide or innocent purchaser, conditional sales vendor or mortgagee of the property, if any, up to the amount of his interest in the property, when the court declaring the forfeiture orders a distribution to such person;
 2. To the payment of the actual expenses of preserving the property; and
 3. The balance to a revolving fund in the office of the county treasurer of the county wherein the property was seized, said fund to be used as a revolving fund solely for enforcement of controlled dangerous substances laws, drug abuse prevention and drug abuse education and maintained by the district attorney in his discretion for that purpose with a yearly accounting to the board of county commissioners in whose county the fund is established and to the District Attorneys Council; provided, the balance of the proceeds of such sale of property forfeited due to nonpayment of a fine imposed pursuant to the provisions of Section 2-415 of this title shall be apportioned as provided in Section 2-416 of this title. Said revolving fund shall be audited by the State Auditor and Inspector at least every two (2) years in the manner provided in Section 171 of Title 19 of the Oklahoma Statutes. Said audit shall include, but not be limited to, a compliance audit ..."

contain drugs. Cruz was arrested for possession of a controlled dangerous substance with intent to distribute[4] and on the lesser charge of possession of a controlled dangerous substance.[5] When Cruz was brought in for booking, he had $152.00. The money was placed in the Oklahoma City Police Department Property Room.

The contents of the plastic bag were submitted for analysis on January 11, 1990. The results of the drug analysis revealed that the bag contained 1.5 grams of cocaine and 6 grams of marihuana. Cruz was charged with and pleaded guilty to the charges of possession of a controlled dangerous substance with the intent to distribute (count 1) and possession of a controlled dangerous substance (count 2). On October 26, 1990, Cruz was sentenced to a twelve year prison sentence with seven years to be suspended on count 1 and to a prison term of one year on count 2. The sentences run concurrently. Cruz was also assessed court costs and fines of $482.00 *to be paid within six months after his release from prison.*

## B.

### *Civil forfeiture proceeding.*

On January 30, 1990, pursuant to 63 O.S. Supp.1989 § 2–503[6] and 63 O.S.Supp.1988 § 2–506,[7] the petitioner, Robert H. Macy

---

**4.** Title 63 O.S.Supp.1989 § 2–401 provides in pertinent part:

"A. Except as authorized by the Uniform Controlled Dangerous Substances Act, it shall be unlawful for any person:

1. to distribute, dispense, or solicit the use of or use the services of a person less than eighteen (18) years of age to distribute or dispense a controlled dangerous substance or possess with intent to manufacture, distribute, or dispense, a controlled dangerous substance ...

B. Any person who violates the provisions of this section with respect to:

1. a substance classified in Schedule I or II which is a narcotic drug or lysergic acid diethylamide (LSD), upon conviction, shall be guilty of a felony and shall be sentenced to a term of imprisonment for not less than five (5) years nor more than life and a fine of not more than One Hundred Thousand Dollars ($100,000.00). Said sentence shall not be subject to statutory provisions for suspended sentences, deferred sentences, or probation except when the conviction is for a first offense.

2. any other controlled dangerous substance classified in Schedule I, II, III, or IV, upon conviction, shall be guilty of a felony and shall be sentenced to a term of imprisonment for not less than two (2) years nor more than life and a fine of not more than Twenty Thousand Dollars ($20,000.00). Said sentence shall not be subject to statutory provisions for suspended sentences, deferred sentences, or probation except when the conviction is for a first offense ..."

Section 2–401 was amended effective May 18, 1990. The quoted portion of the statute remains substantially unchanged.

**5.** Title 63 O.S.Supp.1987 § 2–402 provides in pertinent part:

"A. 1. It is unlawful for any person knowingly or intentionally to possess a controlled dangerous substance unless such substance was obtained directly, or pursuant to a valid prescription or order from a practitioner, while acting in the course of his professional practice, or except as otherwise authorized by this act ...

B. Any person who violates this section with respect to:

1. Any Schedule I or II substance, except marihuana or a substance included in subsection D of Section 2–206 is guilty of a felony punishable by imprisonment for not less than two (2) years nor more than ten (10) years. A second or subsequent violation of this section with respect to Schedule I or II substance, except marihuana or a substance included in subsection D of Section 2–207, is a felony punishable by imprisonment for not less than four (4) years nor more than twenty (20) years ..."

**6.** Title 63 O.S.Supp.1989 § 2–503 provides in pertinent part:

"A. The following shall be subject to forfeiture:

... 7. All moneys, coin and currency found in close proximity to forfeitable substances, to forfeitable drug manufacturing or distribution paraphernalia or to forfeitable records of the importation, manufacture or distribution of substances, which are rebuttably presumed to be forfeitable under this act. The burden of proof is upon claimants of the property to rebut this presumption ..."

Section 2–503 was amended effective September 1, 1990. However, the quoted portion of the statute remains unchanged.

**7.** Title 63 O.S.Supp.1988 § 2–506 provides in pertinent part:

"... L. The proceeds of the sale of any property not taken or detained by the Oklahoma State Bureau of Narcotics and Dangerous Drugs Control, the Oklahoma Department of Public Safety, or the Alcoholic Beverage Laws Enforcement Commission shall be distributed as follows, in the order indicated:

(Macy/District Attorney), filed a notice of forfeiture on the $152.00 taken from Cruz when he was arrested. The notice alleged that the money was used or intended to be used illegally in connection with the drug charges. Notice was served to Cruz and his attorney. The notice stated that Cruz had sixty days to answer.[8] The sixty-day time period expired on October 17, 1990, without Cruz having answered or otherwise pled. On November 6, 1990, the District Attorney moved for default judgment. The respondent, the Honorable Leamon Freeman (respondent judge), granted the default judgment. However, the respondent judge ordered that the $152.00 be used to satisfy the court costs and fines assessed in the underlying criminal conviction. Any remaining funds were to be paid into a revolving fund for use by the District Attorney[9] pursuant to the Controlled Dangerous Substances Act. The order of payment outlined in the default judgment forms the basis of this original proceeding.

### TITLE 63 O.S.Supp.1990 § 2–506(L) PROVIDES A MANDATORY PAYMENT SCHEDULE FOR PROPERTY FORFEITED PURSUANT TO THE UNIFORM CONTROLLED DANGEROUS SUBSTANCES ACT. BECAUSE THE MANDATORY PAYMENT SCHEDULE DOES NOT PROVIDE FOR THE PAYMENT OF FINES AND COSTS ASSESSED IN CONJUNCTION WITH A CONVICTION FOR POSSESSION OF A CONTROLLED DANGEROUS SUBSTANCE WITH THE INTENT TO DISTRIBUTE AND POSSESSION OF A CONTROLLED DANGEROUS SUBSTANCE, A TRIAL COURT MAY NOT REQUIRE THAT THE FINES AND COSTS BE PAID FROM THE PROCEEDS OF FORFEITED PROPERTY.

 Macy asserts that under 63 O.S. Supp.1990 § 2–506(L)(3),[10] he has a clear right to have the forfeited money paid into a revolving fund in the Oklahoma County Treasurer's Office for use in the enforcement of the Controlled Dangerous Substances Act.[11] The public defender, on be-

1. To the bona fide or innocent purchaser, conditional sales vendor or mortgagee of the property, if any, up to the amount of his interest in the property, when the court declaring the forfeiture orders a distribution to such person;
2. To the payment of the actual expenses of preserving the property; and
3. The balance to a revolving fund in the office of the county treasurer of the county wherein the property was seized, said fund to be used as a revolving fund solely for enforcement of controlled dangerous substances laws, drug abuse prevention and drug abuse education and maintained by the district attorney in his discretion for that purpose with a yearly accounting to the board of county commissioners in whose county the fund is established; provided, the balance of the proceeds of such sale of property forfeited due to nonpayment of a fine imposed pursuant to the provisions of Section 2–415 of this title shall be apportioned as provided in Section 2–416 of this title. Said revolving fund shall be audited by the State Auditor and Inspector at least every two (2) years in the manner provided in Section 171 of Title 19 of the Oklahoma Statutes. Said audit shall include, but not be limited to, a compliance audit ..."

Section 2–506(L) was amended effective July 1, 1990. The Oklahoma State Bureau of Investigation has been added to the agencies listed in the first paragraph of the section. Subsection 3 now provides for an accounting to the county commissioners in whose county the fund is established and to the District Attorneys Council. Neither of these amendments affects the subtantive provisions of § 2–506(L). Because the motion for default judgment was filed in the instant cause after the effective date of the amendment, any further reference will be made to the revised statute, see note 3, supra.

8. Title 63 O.S.Supp.1990 § 2–506(D) provides:
 "Within sixty (60) days after the mailing or publication of the notice, the owner of the property and any other party in interest or claimant may file a verified answer and claim to the property described in the notice of seizure and of the intended forfeiture proceeding."

9. An outstanding balance of $482.00 exists in the underlying criminal conviction. Applying the $152.00 subject to forfeiture to the existing costs and fines would leave nothing for deposit in the District Attorney's revolving fund pursuant to 63 O.S.Supp.1990 § 2–506, see note 3, supra.

10. Title 63 O.S.Supp.1990 § 2–506(L)(3), see note 3, supra.

11. Alternately, Macy relies upon federal precedent for the proposition that the trial court had no authority to direct that Cruz's fine be paid from the forfeiture proceeds. In *United States*

half of the respondent judge, contends that the district court has the inherent power to allocate the use of forfeited funds for the payment of fines and costs. Alternately, he argues that if the district court does not have the inherent power to dispose of the forfeited monies, the cause should be re-

manded for a proper apportionment of the fines pursuant to 63 O.S.Supp.1987 § 2–416.[12] We find this alternative argument unpersuasive. Fines, not the proceeds from forfeited property, may be apportioned under § 2–416 only for the offense of trafficking in illegal drugs.[13]

v. Trotter, 912 F.2d 964, 966 (8th Cir.1990), the Eighth Circuit found that under the statutory relation-back doctrine, it was clear that seized assets belonged to the government at the time the criminal penalty was imposed. It held that the trial court had no authority or discretion to direct the payment of a fine imposed upon the criminal defendent from money belonging to the United States. See also, *United States v. Certain Real Property Known as Gulfstream West,* 710 F.Supp. 792, 796 (S.D.Florida 1989) (Vesting of title to forfeited property in United States is not completed until there is a judicial condemnation which then relates back to the date of the illegal act. No support for granting late charges, collection and court costs, or penalty rate of interest from forfeited property.) The doctrine of relation back holds that when a federal statute provides for the forfeiture of specific property used in or connected with the commission of a certain act that upon commission of that act, the forfeiture takes effect immediately. The right to the property vests in the government at the time the offense is committed. When the judicial condemnation occurs in the form of a forfeiture proceeding, the judgment is said to "relate back" to the time the offense was committed. *United States v. Stowell,* 133 U.S. 1, 16–18, 10 S.Ct. 244, 247–248, 33 L.Ed. 555, 559–60 (1890); *Eggleston v. State,* 873 F.2d 242, 245 (10th Cir.1989), cert. denied, —— U.S. ——, 110 S.Ct. 1112, 107 L.Ed.2d 1019 (1990); *Ivers v. United States,* 581 F.2d 1362, 1367 (9th Cir.1978); Annot., "Forfeiture of Property for Unlawful Use Before Trial of Individual Offender," 3 A.L.R.2d 738, 740 (1949). Because we find that pursuant to 63 O.S.Supp. 1990 § 2–506, see note 3, supra, the trial court was without authority to order the payment of fines and costs from the proceeds of the forfeited property, we do not determine what application if any the relation-back doctrine has to Oklahoma law. However, we do recognize that in *Matter of the Forfeiture of a 1977 Chevrolet Pickup,* 734 P.2d 857, 859 (Okla.Ct.App.1987), the Court of Appeals refused to adopt the expansive relation-back rule of *Stowell.* We also note that 63 O.S.Supp.1989 § 2–503 and its revised versions, see note 6, supra, provide that certain property shall be subject to forfeiture. This language differs from the federal forfeiture statute, 21 U.S.C. § 881(h) (1989) which provides:

"Vesting of title in United States

All right, title, and interest in property described in subsection (a) of this section shall vest in the United States upon commission of the act giving rise to forfeiture under this section."

The relation-back doctrine may be applicable to a mandatory statute and inapplicable to a statute which uses permissive language. *United States v. Thirteen Thousand Dollars,* 733 F.2d 581, 584 (8th Cir.1984); *United States v. $319,-820.00,* 634 F.Supp. 700, 703 (N.D. Georgia 1986).

But see, 63 O.S.Supp.1989 § 2–505 providing that certain items shall be seized and summarily forfeited. Section 2–505 provides in pertinent part:

"A. All controlled substances in Schedule I of Section 2–101 et seq. of this title and all controlled substances in Schedules II, III, IV, and V that are not in properly labeled containers in accordance with this act that are possessed, transferred, sold, or offered for sale in violation of this act are deemed contraband and shall be seized and summarily forfeited ..."

12. Title 63 O.S.Supp.1987 § 2–416 provides in pertinent part:

"The fines specified in Section 2 of this act shall be apportioned as follows:

1. Twenty-five percent (25%) shall be distributed to the revolving fund established pursuant to the provisions of Section 2–506 of Title 63 of the Oklahoma Statutes to be used for enforcement of the Uniform Controlled Dangerous Substances Act; and

2. Twenty-five percent (25%) shall be distributed to the municipality, county, or state agency or agencies which conducted the investigation. The amount distributed to a municipality or county shall be placed in a revolving fund to be used for law enforcement purposes ...

3. Twenty-five percent (25%) shall be distributed to the Drug Abuse Education Revolving Fund to be used for drug abuse education programs within the State Department of Education; and

4. Twenty-five percent (25%) shall be distributed to the court fund."

13. Title 63 O.S.Supp.1987 § 2–416, id., applies to the fines specified in section 2 of the Controlled Dangerous Substances Act. Section 2 begins with § 2–415 and is applicable to fines and penalties imposed for trafficking in illegal drugs. Cruz's offenses are not associated with this portion of the Controlled Dangerous Substances Act, see 63 O.S.Supp.1989 § 2–401, note 4, supra, and 63 O.S.Supp.1987 § 2–402, note 5, supra.

Cruz pleaded guilty to the charges of possession of a controlled dangerous substance with the intent to distribute and possession of a controlled dangerous substance. As the public defender recognizes, no fine for trafficking in illegal drugs was imposed.[14]

Section 2–506(L) sets forth the order in which the proceeds of the sale of property not taken or detained by the Oklahoma State Bureau of Narcotics and Dangerous Drugs Control, the Oklahoma Department of Public Safety, the Oklahoma State Bureau of Investigation or the Alcoholic Beverage Laws Enforcement Commission is to be distributed. The statute provides that the proceeds *shall be distributed, in the order indicated.* The first takers under § 2–506(L) are bona fide or innocent purchasers, conditional sales vendors or mortgagees, up to the amount of their interest in the property. The second deduction to be made from the proceeds is payment for the actual expense of preserving the property. Section 2–506(L)(3) provides that *the balance* is to be paid to a revolving fund in the office of the county treasurer to be used by the district attorney for the enforcement of the Controlled Dangerous Substances Act, drug abuse prevention, and drug abuse education.

There is no provision in § 2–506(L)(3) for the payment of costs assessed in conjunction with a conviction for possession of a controlled dangerous substance with the intent to distribute and possession of a controlled dangerous substance. Section 2–506(L)(3) does provide for the payment of the fine assessed in connection with the criminal prosecution when the fine is imposed pursuant to the provisions of § 2–415,[15]—trafficking in illegal drugs. When a party is convicted under this statute and fails to pay the associated fine, § 2–506(L)(3) provides that the proceeds from the forfeited property are to be apportioned pursuant to § 2–416.[16] Section 2–416 provides for a four-way split of the proceeds of the forfeited property—25% to the district attorney's revolving fund; 25% to the municipality, county, or state agency

---

**14.** The public defender does not expressly refer to the maxim, *expressio unius est exclusio alterius.* However, he appears to make an argument for its imposition on behalf of the respondent judge. He asserts that Oklahoma's forfeiture statutes contemplate satisfaction of the fines levied under the Controlled Dangerous Substances Act from forfeitable funds. In support of this proposition, he relies on language found in 63 O.S.Supp.1990 § 2–503(D). The statute provides that items, money or monies seized pursuant to subsections A and B of the section shall not be applied toward the satisfaction of the fine imposed for trafficking in illegal drugs. He argues that if the Legislature had intended to prohibit fines from being satisfied from forfeited funds under the possession or possession with intent crimes, it would have so stated, just as it did with regard to the trafficking fines. The rule of statutory construction that the mention of one thing in a statute implies exclusion of another thing may never be applied to override contrary Legislative intent. *Spiers v. Magnolia Petroleum Co.,* 206 Okl. 510, 244 P.2d 852, 856 (1951); *Branson v. Branson,* 190 Okl. 347, 123 P.2d 643, 648 (1942). Rules of construction require that statutes be construed to avoid conflict between provisions. *Chamberlain v. American Airlines,* 740 P.2d 717, 722 (Okla.1987); *AMF Tubescope Co. v. Hatchel,* 547 P.2d 374, 379 (Okla.1976). If possible, § 2–503(D) and § 2–506(L) must be construed to harmonize with each other and to give each section a reasonable effect. Where two constructions are possible, the one avoiding conflict is preferable to one which leads to the conclusion that a conflict exists. *Roach v. Atlas Life Ins. Co.,* 769 P.2d 158, 163 (Okla.1989); *Territory v. Sampson,* 2 Okl. 82, 35 P. 882–83 (1894). If strict construction of either statute defeats the intention of the Legislature, the construction will not be adopted. *State v. Oakes,* 281 P.2d 749, 753 (Okla.1955). See also, *Board of Comm'rs v. Alexander,* 58 Okl. 128, 159 P. 311, 315 (1916). A finding that the language of § 2–503(D) impliedly indicates that fines and costs may be withheld from forfeited funds would defeat the clear and mandatory language of § 2–506(L) that the proceeds of forfeited property *"shall be distributed ... in the order indicated."* We are not free to adopt such a construction.

Title 63 O.S.Supp.1990 § 2–503(D) provides in pertinent part:
> "... Items, money or monies seized pursuant to subsections A and B of this section shall not be applied or considered toward satisfaction of the fine imposed by Section 2–415 of this title ..."

**15.** Title 63 O.S.Supp.1990 § 2–415 encompasses the crime of trafficking in illegal drugs. This crime involves large quantities of drugs and the fines associated with it are substantial. Fines run from $25,000.00 to $500,000.00.

**16.** Title 63 O.S.Supp.1987 § 2–416, see note 12, supra.

or agencies which conducted the investigation; 25% to the Drug Abuse Education Revolving Fund; and 25% to the court fund.

In construing a statute, we begin with the statutory language itself [17] with the ultimate goal of determining the legislative intent.[18] However, it is unnecessary to apply rules of construction to discern Legislative intent if the will is clearly expressed.[19] In drafting § 2–506(L), the Legislature used mandatory language, "shall," [20] when it set out the order in which the proceeds from forfeited property are to be distributed. The use of "shall" by the Legislature is normally considered as a legislative mandate equivalent to the term "must," requiring interpretation as a command.[21] Section 2–506(L) requires that the proceeds from property not payable to a bona fide purchaser, conditional sales vendor or mortgagee or used for the actual expense of preserving the forfeited property be paid into a revolving fund for use by the district attorney. Trial courts have no authority under § 2–506(L) to require that the costs of an underlying criminal conviction and its associated fine be deducted from the proceeds of the forfeited property before the mandated distribution is made.

Finally, the public defender contends that the district court had the inherent power to require the payment of the fine and costs of the underlying criminal conviction out of the seized funds. He relies upon the Okla. Const. art. 7, § 7 [22] and our pronouncement in *Puckett v. Cook,* 586 P.2d 721, 723 (Okla.1978), that the power to hear a case includes the power to make and enforce reasonable rules for orderly procedure before the courts. *Puckett* is factually distinguishable from the instant cause. In *Puckett,* the Legislature through the enactment of 12 O.S.1971 § 559 [23] had attempted to restrict the district court's power to consolidate cases. The attempt ran afoul of the district court's inherent power to control procedure.

Here, the enactment of 63 O.S.Supp.1990 § 2–506(L) in no way infringes upon the district court's ability to control procedure in forfeiture cases. It merely provides for distribution of the proceeds of forfeited property. Additionally, the district court had previously provided for a method of payment of the fine and costs of the underlying criminal conviction. Cruz was given six months after his release from prison to satisfy the debt. Under these facts, we cannot conclude that the district court had inherent power to order payment of the fines and costs associated with the underlying criminal conviction from the proceeds of forfeited property.

## CONCLUSION

Mandamus is an extraordinary remedy available only if there is a clear legal right for which the law provides no remedy.[24]

---

**17.** *Ledbetter v. Oklahoma Alcoholic Beverage Laws Enforcement Comm'n,* 764 P.2d 172, 179 (Okla.1988).

**18.** *Humphrey v. Denney,* 757 P.2d 833, 835 (Okla.1988); *Hess v. Excise Bd.,* 698 P.2d 930, 932 (Okla.1985).

**19.** *Anschutz Corp. v. Sanders,* 734 P.2d 1290, 1292 (Okla.1987); *Gilbert Central Corp. v. State,* 716 P.2d 654, 658 (Okla.1986); *Matter of Phillips Petroleum Co.,* 652 P.2d 283, 285 (Okla.1982).

**20.** *Schaeffer v. Schaeffer,* 743 P.2d 1038, 1040 (Okla.1987); *Fuller v. Odom,* 741 P.2d 449, 453 (Okla.1987).

**21.** *McDonald's v. Groves,* 652 P.2d 281–82 (Okla. 1982); *TIB Corp. v. Edmondson,* 630 P.2d 1296–97 (Okla.1981); *Sneed v. Sneed,* 585 P.2d 1363–64 (Okla.1978).

**22.** The Okla.Const. art. 7, § 7 provides in pertinent part:
"... The District Court shall have unlimited original jurisdiction of all justiciable matters, except as otherwise provided in this Article, and such powers of review of administrative action as may be provided by statute ..."

**23.** Title 12 O.S.1971 § 559 provides:
"Separate cases shall not be consolidated for trial by one jury, unless it is agreeable by all parties in each and every case; nor shall more than one case be tried by any one jury, unless it is agreeable by all parties in each and every case."

**24.** *State ex rel. Westbrook v. Oklahoma Pub. Welfare Comm'n,* 196 Okl. 586, 167 P.2d 71–72 (1946).
Title 12 O.S.1981 § 1451 provides:
"The writ of mandamus may be issued by the Supreme Court or the district court, or any

Here, the district attorney has a clear right to have the proceeds from the forfeiture procedure deposited in a revolving fund for his use pursuant to 63 O.S.Supp.1990 § 2–506(L).[25] If a decision on the issue of entitlement to the proceeds were left to the time of appeal, the funds deposited to the court fund could conceivably be unrecoverable.[26] Title 63 O.S.Supp.1990 § 2–506(L) provides a mandatory payment schedule for property forfeited pursuant to the Uniform Controlled Dangerous Substances Act, 63 O.S.Supp.1989 § 2–101 et seq. Because the mandatory payment schedule does not provide for the payment of fines and costs assessed in conjunction with a conviction for possession of a controlled dangerous substance with the intent to distribute and possession of a controlled dangerous substance, a trial court may not require that the fines and costs be paid from the proceeds of forfeited property.

This Court is committed to the premise that fines and costs of criminal convictions must be collected and deposited into the court fund in order to ensure that this State's judicial system is properly funded. We do not know if the failure to provide for collection of these fines and costs in conjunction with a conviction for possession of a controlled dangerous substance with the intent to distribute and possession of a controlled dangerous substance from the proceeds of forfeited property is Legislative intent or Legislative oversight. If indeed, the Legislature did intend for the court fund to have a portion of the proceeds from forfeited property, it may ensure that the proper result is reached by statutory amendment.

ORIGINAL JURISDICTION ASSUMED; WRIT OF MANDAMUS ISSUED; JUDG-

MENT OF THE TRIAL COURT REVERSED.

LAVENDER, SIMMS, DOOLIN and SUMMERS, JJ., concur.

OPALA, C.J., HODGES, V.C.J., and HARGRAVE and ALMA WILSON, JJ., dissent.

justice or judge thereof, during term, or at chambers, to any inferior tribunal, corporation, board or person, to compel the performance of any act which the law specially enjoins as a duty, resulting from an office, trust or station; but though it may require an inferior tribunal to exercise its judgment or proceed to the discharge of any of its functions, it cannot control judicial discretion."
Title 12 O.S.1981 § 1452 provides:

"This writ may not be issued in any case where there is a plain and adequate remedy in the ordinary course of the law. It may be issued on the information of the party beneficially interested."

**25.** Title 63 O.S.Supp.1990 § 2–506(L), see note 3, supra.

**26.** See, *City of Oklahoma City v. Oklahoma Tax Comm'n*, 789 P.2d 1287, 1294 (Okla.1990).