Aline CUMMINGS and James W. Cummings, Appellants,

v.

BOARD OF COUNTY COMMIS-SIONERS OF OKMULGEE COUNTY, Appellee,

and

Jim Hart, Sheriff of Okmulgee County,[1] Defendant.

No. 79879.

Court of Appeals of Oklahoma, Division No. 1.

Aug. 3, 1993.

Certiorari Denied Oct. 5, 1993.

1. Sheriff Hart's motion for summary judgment was sustained by the trial court. He is not a party to this appeal.

Patrick E. Carr, Sidney A. Martin II, Tulsa, for appellants.

Chris J. Collins and Stacey L. Haws, Oklahoma City, for appellee.

## MEMORANDUM OPINION

HANSEN, Chief Judge:

The parties agree the sole issue presented to this Court is the statutory construction of 51 O.S.Supp.1988 § 155(23),[2] which provides, in relevant part:

The state or a political subdivision shall not be liable if a loss or claim results from: ...

(23) Provision, equipping, operation or maintenance of any prison, jail or correctional facility, or injuries resulting from the parole or escape of a prisoner by a prisoner to any other prisoner; ...

Appellants, husband and wife, initiated this action alleging injuries inflicted upon Appellant Aline Cummings by one Keith Jennings, who had escaped from the Okmulgee County Jail. Appellant James Cummings claimed loss of consortium of his wife, and mental trauma resulting from being threatened with harm by Jennings.

Appellants further alleged in their petition that Jennings' escape was caused by the negligence of Appellee's employees. Appellants alleged Appellee failed to "properly guard Jennings" and failed "to properly maintain the jail in which [Jennings] was being kept".[3]

The trial court granted Appellee's motion for summary judgment, finding § 155(23) barred recovery, and made the following specific findings:

1. The exception to liability contained in Subsection 23 of Section 155, ..., includes "injuries resulting from the parole or escape of a prisoner by a prisoner to any other prisoner."

2. The Court will supply the word "or" so that the clause in question will read as follows: "injuries resulting from the parole or escape of a prisoner *or* by a prisoner to any other prisoner." (emphasis in original)

3. The Court finds that the intent of the legislature is that the word "or" be included and that the "or" was mistakenly removed. The Court further finds that this creates an ambiguity in the statute.

4. The Court has considered the history of Subsection 23 and has determined that it was the intent of the legislature that the limitation of liability extend to any "injuries resulting from the parole or escape of a prisoner" regardless of whether the injuries were inflicted "by a prisoner to any other prisoner."

Appellants sought review of the trial court's order granting summary judgment for Appellee County. Appellants contend the Legislature clearly expressed its intention in the statute as written, leaving no room for construction by the courts[4].

We do not share Appellants' view regarding clarity of language or Legislative intent. The phrase in controversy, "... or injuries resulting from the parole or escape of a prisoner by a prisoner to any other prisoner; ...", is, on its face, sufficiently grammatically suspect to merit inquiry as

---

2. This section is contained in the Oklahoma Governmental Tort Claims Act, 51 O.S.Supp. 1984 § 151 et seq.

3. Appellants further allege other negligence "as will be set forth after discovery". However, the record reflects no amendments to the petition after discovery.

4. In *State ex rel. Macy v. Freeman*, 814 P.2d 147, 153 (Okla.1991), our Supreme Court held:

In construing a statute, we begin with the statutory language itself with the ultimate goal of determining the legislative intent. However, it is unnecessary to apply rules of construction to discern Legislative intent if the will is clearly expressed.

to Legislative intent.[5]

■ Further, we find uncertainty when reading § 155(23) in the context of the statute as a whole. Legislative acts must be read so as to render different provisions consistent and harmonious, and give intelligent effect to each. *Personal Loan & Finance Co. of Capitol Hill v. Oklahoma Tax Commission,* 437 P.2d 1015 (Okla. 1968).

Section 155 is entitled—Exemptions from liability—and contains thirty subsections, each containing one or more exemptions. As noted above, the section is part of the Oklahoma Governmental Tort Claims Act, by which the Legislature adopted the doctrine of sovereign immunity for the state and its political subdivisions, but waived immunity "to the extent and in the manner" provided in the act.[6] The § 155 exemptions are the codification of the state's immunity.

The first phrase in § 155(23), which immediately precedes the phrase in controversy, is general. It precludes liability for a loss resulting from provision, equipping, operation or maintenance of any prison, jail or correctional facility. The first phrase in § 155(24) is substantively identical but pertains to juvenile detention facilities. However, the language following the first phrase in § 155(24), while similar to § 155(23), is not grammatically structured the same. The language in § 155(24) is:

> ... or injuries resulting from the escape of a juvenile detainee, or injuries by a juvenile detainee to any other juvenile detainee;

The Legislative intent is clearly discernible in § 155(24). Liability is precluded as to *any* plaintiff for a loss arising from the escape of a juvenile detainee. Similarly, § 155(21) provides a general exemption from liability for losses arising from "Any court-ordered or Department of Corrections approved work release program". A work release program is the functional equivalent to parole with respect to its impact on the community at large.

■ Doubt as to the meaning of a statute may be resolved by reference to its history. *Berry v. Public Employees Retirement System,* 768 P.2d 898 (Okla.1989). Section 155 was amended twice during the 1988 Legislative session. Appellants appear to concede their claims would be barred under the pre–1988 § 155(23), which provided exemption, in relevant part, for:

> , ... injuries resulting from the parole or escape of a prisoner or by a prisoner to any other prisoner; ...

The first 1988 amendment[7] expanded the exemption in § 155(23) to include juvenile detainees, so that the relevant portion of the subsection read:

> , ... injuries resulting from the parole or escape of a prisoner or *juvenile detainee* by a prisoner to any other prisoner *or by a juvenile detainee to any other juvenile detainee;* ... (additions underlined)

When § 155 was amended for the second time in the 1988 session,[8] the Legislature added a separate subsection exempting losses caused by, or to, juvenile detainees, and deleted juvenile detainees from § 155(23), so that it read, as it does now:

> , ... injuries resulting from the parole or escape of a prisoner [or juvenile detainee] by a prisoner to any other prisoner [or by a juvenile detainee to any other juvenile detainee]; ... (deleted portions in brackets)

■ In determining Legislative intent, it is proper "to consider the previous law and the changes wrought therein by the existing law". *In re Blain,* 197 Okla. 459, 172 P.2d 795 (1946). We find the pre–1988 § 155(23) would have barred Appellants' action, and that the Legislative purpose of

---

**5.** This Court has previously noted the lack of coherence of this phrase in its unpublished opinion in Appeal Number 77,812. See, 63 O.B.J. 2443 (1992) (release of prisoner prior to completion of second consecutive sentence was part of operation of correctional facility and subject to exemption under § 155(23)).

**6.** 51 O.S.Supp.1984 § 152.1.

**7.** Laws 1988, c. 134, § 4.

**8.** Laws 1988, c. 241, § 2.

the 1988 amendments was to expand, not limit, the circumstances which were exempt.

█ It is well established that in ascertaining and giving effect to the Legislative intent, we will not construe or apply "inept or incorrect choice of words in a statute" in a manner which would destroy the real and obvious purpose of the statute. *Maule v. Independent School District No. 9*, 714 P.2d 198 (Okla.1985).

Finding the Legislature intended to exempt the state and political subdivisions from *all* claims if a loss results from the operation or maintenance of a jail, or from the escape of a prisoner, the order of the trial court granting summary judgment in favor of Appellee County is AFFIRMED.

JONES, P.J., and ADAMS, J., concur.