23 F.3d 409
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
 UNITED STATES of America, Plaintiff-Appellee,
v.
$2,727.33 IN U.S. CURRENCY, Defendant,
James Douglas DeFranco, Claimant-Appellant.
 No. 94-3005.
 United States Court of Appeals, Sixth Circuit.
 April 29, 1994.
 
 1
 Before: GUY and NELSON, Circuit Judges, and QUIST, District Judge.*
 
 ORDER
 
 2
 James Douglas DeFranco appeals a district court judgment granting the government's motion to dismiss its civil forfeiture action, filed under 21 U.S.C. Sec. 881, and directing that the money at issue be applied to a fine imposed following DeFranco's convictions on related criminal drug charges. The case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 3
 The government filed its complaint seeking forfeiture of cash seized following execution of a search warrant in the Hopewell, Ohio, home of claimant's aunt. Claimant filed an answer in which he alleged legitimate ownership of the cash. After the district court denied a government motion for summary judgment, the government moved the district court to dismiss its action and for an order directing that the currency be applied against claimant's outstanding criminal fine. The district court granted the government's motion, dismissed the case, and directed that the funds be transferred for credit against claimant's criminal fine.
 
 
 4
 Upon consideration, we affirm the judgment because the district court properly directed that claimant's fine be satisfied in part with the seized money. Generally, seized money may not be used to satisfy a criminal fine where a civil forfeiture action is pending because the government's title to the forfeited property under 21 U.S.C. Sec. 881(h) relates back to the time of commission of the act giving rise to the forfeiture. United States v. Trotter, 912 F.2d 964, 965-66 (8th Cir.1990) (en banc) (per curiam). However, the money at issue herein was available to satisfy claimant's fine upon the dismissal of the government's forfeiture action. Moreover, a criminal fine becomes a lien against property owned by the defendant pursuant to 18 U.S.C. Sec. 3613(a). Id. at 965. Here, claimant will be credited in the amount of money applied to his fine.
 
 
 5
 Finally, claimant's contention that his fine is noncommitted is without merit. The fact that a fine is noncommitted means only that one need not remain in prison until the fine is paid. United States v. Michaud, 928 F.2d 13, 15-16 (1st Cir.1991) (per curiam) (citing 18 U.S.C. Sec. 3572(d)). "A fine is due and payable immediately upon imposition, unless the court specifies otherwise." Id.
 
 
 6
 Accordingly, the judgment of the district court is affirmed. Rule 9(b)(3), Rules of the Sixth Circuit.
 
 
 
 *
 The Honorable Gordon J. Quist, U.S. District Judge for the Western District of Michigan, sitting by designation