STATE of Oklahoma, ex rel. Robert HENRY, Attorney General, Appellee,

v.

1982 CHEVROLET CUSTOM DELUXE TRUCK, VIN # 1GBHC34W5CV136274, OKLAHOMA LICENSE TAX # LEF–3992, Appellant.

No. 70597.

Court of Appeals of Oklahoma, Division I.

June 27, 1989.

Whit Pate, Poteau, for appellant.

Leslie Ann Collum, Oklahoma Bureau of Narcotics, Oklahoma City, for appellee.

## MEMORANDUM OPINION

HANSEN, Judge:

Oklahoma State Bureau of Narcotics and Dangerous Drugs Control Agents, in a helicopter, observed growing marijuana in a rural location in LeFlore County. Based on this observation, the agents obtained a search warrant and returned to said location to search the house, barn, appurtenances, curtilage and adjacent areas where the growing marijuana had been observed. During the execution of said search warrant, the agents found that the growing marijuana had been cut down and moved to another location on Riley Carter's property. Agents further observed a pickup truck parked near the Carter residence had marijuana leaves, residue, seeds and fresh dirt in its bed and that tracks, consistent with the wheels of that truck, led to the location where the recently cut marijuana was being stored. This truck was seized by Oklahoma Bureau of Narcotics agents pursuant to 63 O.S.Supp.1985 § 2–503. The trial court ordered the truck forfeited to the State of Oklahoma. Appellant truck appeals that decision.

■ For its first proposition of error, Appellant contends the trial court erred in admitting all evidence seized from the truck because the affidavit in support of the search warrant did not disclose sufficient facts to create probable cause for the issuance of the search warrant to search the residence located on the ranch. Appellant cites *Anderson v. State*, 657 P.2d 659 (Okla.Cr.1983) in which the Oklahoma Court of Criminal Appeals states the rule that a "search warrant must so particularly describe the place to be searched that the officer can find the place without the aid of any other information save that contained in the warrant." *See* 22 O.S.1981 § 1223. Our review of the affidavit in support of the search warrant indicates disclosure of sufficient facts to create probable cause for the issuance of the search warrant. Moreover, the search warrant in the instant case, unlike the one in the *Anderson* case, does particularly describe the place searched. The trial court did not err in admitting evidence seized from the truck.

■ Second, Appellant contends the trial court erred in ordering the truck forfeited because it was not subject to forfeiture under the particular statutes involved. We disagree. Section 2–503(4) provides that vehicles which are used to transport, conceal, or cultivate for the purpose of distribution are subject to forfeiture. Pursuant to § 2–101(12) "distribute" means to "deliver." Subdivision 10 of the same section defines "deliver" to mean "the actual, constructive or attempted transfer from one person to another...." Although § 2–101 does not define "purpose," BLACK'S LAW DICTIONARY 1112 (rev. 5th edition, 1979) defines "purpose" as "[t]hat which one sets before him to accomplish; an end, intention or aim, object, plan, project." There was competent evidence to suggest the object to be accomplished in transporting the recently cut and pulled marijuana plants was to obtain the goal of distributing the marijuana. *See White v. McDonald*, 447 P.2d 746 (Okla.1968); *Interstate Securities Co. v. U.S.*, 151 F.2d 224 (10th Cir.1945). For the above reasons, the decision of the trial court is affirmed.

AFFIRMED.

HUNTER, P.J., and MacGUIGAN, J., concur.