The STATE of Oklahoma ex rel. Robert H. MACY, District Attorney of the Seventh Prosecutorial District, Petitioner,

v.

1983 MAZDA PICKUP, VIN # JM2UC2213D0720341, Defendant,

and

Robert Brooke, Respondent.

No. 74450.

Court of Appeals of Oklahoma, Division No. 3.

Oct. 22, 1991.

Certiorari Denied March 24, 1992.

Robert H. Macy, Dist. Atty. and John M. Jacobsen, Asst. Dist. Atty., Oklahoma City, for petitioner.

Michael McNulty, Oklahoma City, for respondent.

## OPINION

JONES, Judge:

This is an appeal by the State of Oklahoma, ex rel. Robert H. Macy, District attorney, from an order of the Court after a bench trial denying a motion to forfeit a 1983 Mazda pickup.

The Respondent, Brooke, was arrested on March 8, 1989. In April, 1989, these proceedings were initiated. In November, 1989, after Respondent plead guilty to possession with intent to distribute four ounces of marijuana, this forfeiture proceedings was tried.

Briefly the facts of this case is as follows: Respondent attempted to mail a package from a Federal Express office. The package was screened by the employees as a possible contraband shipment. Then a police narcotics dog confirmed this suspicion. The dog's handler opened the package and took the contraband to the police evidence locker. The Respondent was notified the package was undeliverable and was asked to come to the office to readdress the package. Respondent confirmed the package was his and he was stopped inside the Federal Express office and escorted out where he was arrested.

The State initiated forfeiture proceedings against the pickup truck that Respondent drove to the Federal Express office. The truck contained no contraband at any time, nor did Respondent enter the truck with the contraband. Respondent was taken into custody in the Federal Express office, escorted out, and arrested.

Appellant raises five propositions of error in his brief.[1] All these propositions are distilled and highlighted by proposition three as follows: the trial court erred in failing to find a sufficient nexus between Respondent's illegal activity and the use of the vehicle. In this proposition, the District Attorney notes Oklahoma authority is scarce and the Federal Circuit Courts are divided.

■ The fact which is central to this appeal is there is no testimony that the vehicle here considered ever transported drugs, nor was there evidence that drugs were ever located in this vehicle. Under such a circumstance the teaching of *State of Oklahoma, ex rel. Robert Henry v. 1982 Chevrolet Custom DeLuxe Truck*, 776 P.2d 573 (Okl.App.1989), becomes germane. The *Custom DeLuxe* case found the truck forfeitable because contraband was found in the truck and the truck's tracks led from a recently cut patch of marijuana to the residence where the truck was found.

1. We note the briefs do not comply with *OKLA* Supreme Court Rule 14.

These facts show that contraband was in the truck and the truck had been used to transport it. Absent one or the other of these two findings there can be no forfeiture under 63 O.S.Supp.1988 § 2–503 A.4.

■ Appellant also asserts the isolated use of the truck is not a defense to forfeiture. An isolated instance of violation of § 2–503 A.4. is quite sufficient to justify forfeiture. The trial court and the Defendant—Respondent's attorney did not (as Appellant states) agree this fact was a defense to forfeiture. In point of fact, Defendant's attorney was attempting to differentiate between the facts of this case and the federal authorities relied upon by the State at trial and on appeal. Our reading of the record leads to the conclusion that the trial court, in finding an isolated instance, was differentiating the facts of this case from federal case law where a vehicle, which was an integral part in a large operation and the vehicle's use established a sufficient nexus between the drug conspiracy. An illustration is *United States v. One 1979 Mercury Cougar XR–7*, 666 F.2d 228 (5th Cir.1982). There the automobile was used to find a clandestine airstrip, to find a storage building for the contraband and generally laying the groundwork for the marijuana operation. The 10th Circuit has held the federal counterpart of 63 O.S. § 2–503 A.4. (21 U.S.C. § 881(a)(4)) sets out a per se forfeiture rule only for transportation of contraband and not for instances where the conspirator is transported. We also note the federal statute is materially different than the state law. The federal rule authorizes forfeiture of a vehicle is used in any manner or *intended* to be used. The Oklahoma statute does not contain the term "or intended". This change alone is ample reason for the state statute to be applied less broadly than the federal rule.

AFFIRMED.

HANSEN, P.J., and HUNTER, C.J., concur.