**STATE of Oklahoma, ex rel. Jon D. DOUTHITT, District Attorney, Appellee,**

v.

**Mike Andrew BARNARD and 1969 Blue Chevrolet Camaro automobile; Oklahoma Tag No. DRW–106, VIN 124379N526924, Appellant.**

**No. 77383.**

Court of Appeals of Oklahoma, Division No. 1.

June 2, 1992.

Erin Lanway, Grove, for appellant.

Winston Connor, Jay, for appellee.

## MEMORANDUM OPINION

GARRETT, Presiding Judge:

Mike Andrew Barnard (Appellant) was arrested on October 12, 1990, for possession of marijuana (1.8 grams) and drug paraphernalia ("Zig Zag Rolling Papers"). On October 19, 1990, Jon D. Douthitt, District Attorney of Delaware County, Oklahoma, (Appellee) filed a Notice of Seizure and Forfeiture, notifying Appellant that the State had seized and intended to forfeit Appellant's 1969 Blue Chevrolet Camaro automobile, Oklahoma tag number DRW–106, VIN 124379N526924 (the automobile). On March 22, 1991, the trial court entered an order forfeiting the automobile to the district attorney's office for disposition "in accordance with the provisions of 63 O.S. 2–506(L)(M)." This appeal followed.

The statute pertinent to this case is 63 O.S.Supp.1990 § 2–503(A)(4):

A. The following shall be subject to forfeiture:

. . . . .

4. All conveyances, including aircraft, vehicles, vessels, or farm implements which are used to transport, conceal, or cultivate for the purpose of distribution as defined in Section 2–101 of this title, or in any manner to facilitate the transportation or cultivation for the purpose of sale or receipt of property described in paragraphs 1 or 2 of this subsection *or when such property is unlawfully possessed by an occupant thereof,* . . . . (Emphasis added).

Appellant contends his only offense was to possess marijuana. He contends that the above statute defines and describes vehicles being involved in the trafficking of drugs and that it was not intended that a vehicle was to be forfeited which is not involved in the sale or distribution of drugs. He asserts that "distribute", 63 O.S.Supp.1990 § 2–101(12), requires "delivery", which, under 63 O.S.Supp.1990 § 2–101(10) means to transfer or attempt to transfer a dangerous controlled substance from one person to another. Further, he refers to the statutory language "such property" and states that this refers to

property which is being transported or cultivated for the purpose of distribution, sale or receipt. Appellee, on the other hand, contends the statute applies to possession of controlled substances or paraphernalia by an occupant of the vehicle for any purpose. We agree with Appellee. See *State ex rel. Macy v. Freeman,* 814 P.2d 147 (Okl.1991), a case regarding whether fines and costs associated with convictions for possession of a controlled dangerous substance may be paid from the proceeds of civil forfeiture proceedings brought pursuant to the Act. Although distinguishable on the facts, the Supreme Court noted that fines and penalties imposed for trafficking in illegal drugs was controlled by Section 2 of the Act beginning with 63 O.S.Supp.1987 § 2–415. The offenses of the defendant therein were not associated with that portion of the Act and were held not to be applicable. Similarly, in the present case, the pertinent statute, § 2–503, does not limit the forfeiture to trafficking in illegal drugs.

We note the case of *State of Oklahoma, ex rel. Robert H. Macy, et al. v. 1983 Mazda Pickup, et al., (1983 Mazda Pickup),* 827 P.2d 902 (Okl.App.1992), decided by Division 3 of this Court. It was held therein that forfeiture was not appropriate under § 2–503(A)(4). In referring to *State of Oklahoma, ex rel. Robert Henry v. 1982 Chevrolet Custom DeLuxe Truck,* 776 P.2d 573 (Okl.App.1989), in which a vehicle containing contraband was found forfeitable, Division 3 stated:

These facts [from *Custom DeLuxe* ] show that contraband was in the truck and the truck had been used to transport it. Absent one or the other of these two findings there can be no forfeiture under 63 O.S.Supp.1988 § 2–503A.4.

We consider the above quotation from *1983 Mazda Pickup,* supra, to be dicta. The case was not given precedential value by the Supreme Court. Moreover, we find it factually distinguishable, as it was found therein that:

[t]he fact which is central to this appeal is there is no testimony that the vehicle here considered ever transported

drugs, *nor was there evidence that drugs were ever located in this vehicle.* (Emphasis added).

■ Appellant also contends that the forfeiture statutes should not apply when only a small amount of marijuana is involved. He cites cases from other jurisdictions, in which it was held that such a forfeiture was unconscionable and absurd, and that the value of the property must be roughly proportional to the offense. Section 2–503 does not require a defendant to possess a minimum amount of a substance for the statute to be applicable. Therefore, any amount is sufficient.

■ The construction of a statute requires us to consider first the statutory language itself to determine the legislative intent. *State ex rel. Macy v. Freeman,* supra; *Ledbetter v. Oklahoma Alcoholic Beverage Laws Enforcement Comm'n,* 764 P.2d 172, 179 (Okl.1988). However, it is unnecessary to discern legislative intent if the will is clearly expressed. *State ex rel. Macy v. Freeman,* supra; *Anschutz Corp. v. Sanders,* 734 P.2d 1290, 1292 (Okl. 1987). We find the statute at issue in the present case speaks for itself. The term "such property" makes reference to the "property described in paragraphs 1 or 2 of this subsection".[1] The marijuana falls within the property described in paragraph 1, and the "Zig Zag papers" fall within paragraph 2. Appellant argues that there is no clear connection between the small quantity of the drug (1.8 grams), and the automobile, i.e., there was no "nexus" or "substantial connection" between the conduct and the object sought to be forfeited. Again, the statutory language of § 2–503(A) is clear. Whether the statute is too harsh is not for us to determine if the legislative intent is made clear by the language used.

AFFIRMED.

BAILEY and ADAMS, JJ., concur.

---

1. 63 O.S.Supp.1990 §§ 2–503(A)(1), (2) provide:
   A. The following shall be subject to forfeiture:
   1. All controlled dangerous substances which have been manufactured, distributed, dispensed, acquired, concealed or possessed in violation of the Uniform Controlled Dangerous Substances Act, Section 2–101 et seq. of this title.
   2. All raw materials, products and equipment of any kind and all drug paraphernalia as defined by the Uniform Controlled Dangerous Substances Act, which are used, or intended for use, in manufacturing, compounding, processing, delivering, importing or exporting, injecting, ingesting, inhaling, or otherwise introducing into the human body any controlled dangerous substance in violation of the provisions of the Uniform Controlled Dangerous Substances Act.