**STATE of Oklahoma, ex rel. DEPARTMENT OF PUBLIC SAFETY, Petitioner/Appellee,**

v.

**1989 FORD PROBE, VIN # 1ZVBT21C3K5182641, OK TAG # ICW579, Respondent,**

**and**

**Shane Rinehart, Claimant/Appellant.**

**No. 77437.**

Court of Appeals of Oklahoma, Division No. 3.

May 4, 1993.

## MEMORANDUM OPINION

HUNTER, Judge:

Shane Rinehart (Rinehart) was stopped and arrested after Tulsa police officers saw him smoking marijuana while driving his 1989 Ford Probe, VIN # 1ZVBT21C3K5182641 in Tulsa. He stipulated to the fact that he was in possession of marijuana (approximately one-third of an ounce) and a small quantity of diazepam, both being controlled dangerous substances. The vehicle he was driving when stopped was subsequently forfeited.

■ Rinehart argues that the forfeiture statutes were not intended by the Legislature to require forfeiture of a vehicle when only a small amount of illicit drugs intended for personal use are present.

We disagree because the plain language of the pertinent statute does not discriminate according to quantity of the controlled dangerous substances. In relevant part, 63 O.S.Supp.1992, § 2–503(A)(4) provides:

A. The following shall be subject to forfeiture:

> . . . . .

4. All conveyances, including aircraft, vehicles, ... which are used to transport, conceal, or cultivate for the purpose of distribution ... or when such property is unlawfully possessed by an occupant thereof....

■ The statute as it reads presently does not require the intent to distribute of the possessor to allow forfeiture of the vehicle. Even an isolated instance of transporting marijuana may be sufficient to allow forfeiture. *State ex rel. Macy v. 1983 Mazda Pickup, VIN No. JM2UC2213DO720341*, 827 P.2d 902 (Okl. App.1991).

■ Rinehart argues further that the forfeiture statutes violate due process provisions of the Oklahoma and the United States Constitutions. He contends that they do not allow a jury trial and that he

was not found guilty beyond a reasonable doubt in the criminal matters so as to justify the forfeiture. Neither issue is relevant to this case because Rinehart entered pleas of guilty to Possession of Marijuana Second Offense and Driving Under the Influence of Drugs and Alcohol. He did not request a jury trial on the criminal charges nor on the forfeiture. He stipulated to the facts at the forfeiture hearing.

The forfeiture action is an *in rem* civil action against the vehicle. It must be shown by a preponderance of the evidence that the vehicle transported the controlled dangerous substance. 63 O.S.Supp.1992, § 2–506. Due process is met by complying with the notice and hearing requirements set forth in Section 2–506. *Matter of Seizure of 1985 BMW Model 325*, 819 P.2d 722 (Okl.App.1991). The Legislature may constitutionally provide for forfeiture of property used in a crime as an exercise of police power. *Frost v. Ponca City*, 541 P.2d 1321 (Okl.1974). Appellant's claims that the forfeiture violated his rights to due process of law are without merit.

AFFIRMED.

BAILEY, P.J., concurs.

HANSEN, C.J., dissents.