The **OKLAHOMA DEPARTMENT OF HEALTH** and **Holdenville Nursing Homes, Inc.,** Appellees,

v.

**MEDI–PLEX NURSING CENTERS, INC.,** d/b/a/ Boyce Manor Nursing Home, **Bob G. Mitchell** and **Gilbert Green,** Appellants.

**No. 81150.**

Court of Appeals of Oklahoma, Division No. 1.

Feb. 8, 1994.

Rehearing Denied March 15, 1994.

Certiorari Dismissed May 10, 1994.

Harry Scoufos, Sallisaw, for appellants.

G. Gordon Allen, Holdenville, for appellee, Holdenville Nursing Homes.

Thomas E. Prince, Oklahoma City, for appellee, Dept. of Health.

## OPINION

HANSEN, Judge:

The Long-term Care Certificate of Need Act (Act), 63 O.S.1991 § 1–850 et. seq., sets out the requirements for the issuance of certificates of need by the State Department of Health (Department) for construction of nursing homes in the State of Oklahoma. No long-term care facility shall be developed or offered unless Department has issued the certificate. 63 O.S.1991 § 1–851.3. Sections 1–852 and 1–853 of the Act set out the findings that must be made by Department before it issues the certificate. Applications for new or expanded facilities are treated differently than applications to replace existing facilities.

Section 1–854.1 provides for appeals from decisions of Department. Any final determination may be appealed to the district court by the applicant, or any other aggrieved party under the Administrative Procedures Act 75 O.S.1991 § 301–326. Department's decision shall be upheld by the court unless it is arbitrary or capricious or not in accordance with applicable law.

Appellee, Holdenville Nursing Home, Inc. (Holdenville), made application to Department for a certificate of need to replace its existing facility. It sought to close the present 51 bed facility and replace it by adding a wing to an existing nursing home, Heritage Village. Holdenville proposed to use some of the existing space at Heritage Village in addition to adding a distinct wing to make up the additional rooms.

Department heard the case pursuant to the "short review" set out in § 1–853(D). Subsection (D) provides:

Any application seeking a certificate of need for the construction of a long-term care facility in replacement of an existing facility shall be reviewed by the Department and shall be granted a certificate of need if the application meets the following criteria:

1. The replacement facility involves no increase in licensed beds; and

2. The replacement facility shall be located no farther than three (3) miles from the facility it is replacing; and

3. A plan for the use of the facility to be replaced is provided which assures that its use as a Nursing Facility, or a Specialized Facility will be discontinued upon licensure of the replacement facility.

Appellant, Medi–Plex Nursing Center, Inc., d/b/a/ Boyce Manor Nursing Home (Medi–Plex), also located in Holdenville, appeared in opposition to issuance of the certificate. It argued Holdenville's application did not represent replacement of an existing nursing facility with a new nursing facility, but rather the expansion of Heritage Village.

Department, following the above procedure, granted the certificate. Department found Holdenville had properly qualified for the certificate as a replacement facility because it involved no increase in the number of beds, the new site was only one and a quarter miles from the present site, and that the old facility would be vacated and donated to the City of Holdenville. Medi–Plex then requested a declaratory ruling from Department seeking to require Holdenville to construct an entire new building for its replacement facility, rather than add new construction to the existing facility. It argued the proposed replacement facility would not be accomplished through "construction" in that some portions of the existing Heritage Village would be converted to accommodate up to 12 of the 51 beds it sought to replace. Department rejected Medi–Plex's arguments, finding while Holdenville was willing to build an entirely new freestanding facility, it was not required to do so under § 1–853. It found Holdenville could connect its replacement facility to Heritage's facility as a cost-containment measure, thus, making use of common areas. Medi–Plex appealed both rulings to the district court which affirmed Department's decision to issue the certificate.

Medi–Plex appeals to this Court. We affirm.[1]

■ The only issue preserved by Medi–Plex in its brief on appeal to this Court is that the trial court erred by upholding Department's decision to issue a certificate of need pursuant to the short review provided by § 1–853(D). The facts, as set out above, are not in debate. Apparently Medi–Plex contends because Holdenville may use up to 12 existing beds, there is no "construction" as required by § 1–853(D).[2] Medi–Plex claims Holdenville's application amounts to a request for "conversion" of an existing facility, thus requiring a complete review under the Act.

■ Holdenville responds relying on statutory construction to support Department's finding that the application was for "construction" of a new facility rather than "conversion" of an existing one. When construing a statute this Court will consider first the language of the statute to determine legislative intent. *State ex rel. Douthitt v. Barnard,* 831 P.2d 1021 (Okla.App.1992). If a statute is plain and unambiguous and its meaning clear, it should be accorded the meaning indicated by its language. *TRW/ Reda Pump v. Brewington,* 829 P.2d 15 (Okla.1992). The Act provides the term "nursing facility" includes an institution or a *distinct part* of an institution. 63 O.S.1991 § 1–1902(9).

As Holdenville points out, an application for a certificate of need for a *new* long-term care facility under § 1–852(A) is long and arduous. Once an institution has met the requirements and been granted its certificate, permission to replace the existing facility with another should not require the same arduous application. The intent of the statutes is to allow existing facilities a less complicated route. Medi–Plex's own expert testified to this effect. To follow Med–Plex's reasoning would lead to unnecessary expense if § 1–853(A) could only be used if the replacement facility was free standing.

A review of the record reflects substantial evidence that Holdenville met the necessary criteria set out in § 1–853(A). The finding by Department, as incorporated by the trial court, that a person or entity, in replacing a facility, may construct a separate institution, or distinct parts onto an existing institution, and may utilize existing common areas in constructing the facility is in accordance with applicable law and not arbitrary or capricious.

AFFIRMED.

JONES, P.J., and ADAMS, J., concur.

---

1. Both Department and Holdenville have responded to Medi–Plex's appeal. Any reference to Holdenville's argument in this decision will be deemed to include arguments propounded by Department in its brief.

2. Department's order states that if necessary for issuance of the certificate, the applicant for the certificate would be willing to replace the 51 beds with all new beds rather than using some existing beds.