STATE of Oklahoma, ex rel.
DEPARTMENT OF PUBLIC
SAFETY, Appellant,

v.

1985 GMC PICKUP, SERIAL
#1GTBS14EOF2525894, OK
TAG NO. ZPE852, Appellee.

No. 80176.

Supreme Court of Oklahoma.

July 11, 1995.

Douglas R. Young, Associate Counsel, Dept. of Public Safety, Oklahoma City, for appellant.

Robert S. Anthony, Enid, pro se appellee.

SIMMS, Justice:

Department of Public Safety (DPS) appeals the order of the district court denying forfeiture of the vehicle which is the subject of this lawsuit, a 1985 GMC pickup truck. The district court determined that the vehicle was not forfeited by the owner and occupant, Robert S. Anthony, when he was arrested for and convicted of possession of marijuana.

The Court of Appeals affirmed, concluding that mere possession of marijuana is insufficient to warrant forfeiture of a vehicle under 63 O.S.1991, § 2–503(A)(4), of the Uniform Controlled Dangerous Substances Act (the Act), 63 O.S.1991, §§ 2–101 et seq. This Court of Appeals opinion is in direct conflict with opinions from two other divisions of the Court of Appeals, *State ex rel. Douthitt v. Barnard,* 831 P.2d 1021 (Okla.Ct.App.1992), and *State ex rel. Department of Pub. Safety v. 1989 Ford Probe, VIN # 1ZVBT21C3K5182641, OK Tag # ICW579,* 854 P.2d 386 (Okla.Ct.App.1993), and certiorari was granted to settle the conflicting interpretations of § 2–503 between the divisions of the Court of Appeals.

■ We find simple possession of a controlled dangerous substance by an occupant of a vehicle is not a proper basis for forfeiture of the vehicle under § 2–503(A)(4). The opinion of the Court of Appeals is vacated, and the order of the district court is affirmed. The undisputed facts follow.

Anthony was driving the 1985 GMC pickup truck when he was stopped by an Oklahoma Highway Patrol Officer for speeding. The officer arrested Anthony for driving under the influence of alcohol and performed a routine inventory of the vehicle, finding marijuana and drug paraphernalia. Anthony was then arrested for and subsequently pleaded guilty to misdemeanor possession of marijuana. The vehicle was seized and remains in the custody of the State.

A "Notice of Seizure and Forfeiture" was sent to Anthony and the lienholder of the vehicle stating the grounds for seizure and forfeiture being that Anthony was using the vehicle while in violation of the Act by possessing and transporting marijuana. Based upon these facts, the Department claims forfeiture of the vehicle is proper under 63 O.S.1991, § 2–503 which provides, in pertinent part, as follows:

"A. The following shall be subject to forfeiture:

1. All controlled dangerous substances which have been manufactured, distributed, dispensed, acquired, concealed or possessed in violation of the Uniform Controlled Dangerous Substances Act, Section 2–101 et seq. of this title.

\*　\*　\*　\*　\*　.\*

4. *All* conveyances, including aircraft, *vehicles,* vessels, or farm implements *which are used to transport,* conceal, or cultivate *for the purpose of distribution* as defined in Section 2–101 of this title, or in any manner to facilitate the transportation or cultivation for the purpose of sale or receipt of *property described in para-*

*graphs 1 or 2* of this subsection *or when such property is unlawfully possessed by an occupant thereof,* except that:

   a.  no conveyance used by a person as a common carrier in the transaction of business as a common carrier shall be forfeited under the provisions of the Uniform Controlled Dangerous Substances Act unless it shall appear that the owner or other person in charge of such conveyance was a consenting party or privy to a violation of the Uniform Controlled Dangerous Substances Act; and

   b.  no conveyance shall be forfeited under the provisions of this section by reason of any act or omission established by the owner thereof to have been committed or omitted without the knowledge or consent of such owner, and if the act is committed by any person other than such owner the owner shall establish further that the conveyance was unlawfully in the possession of a person other than the owner in violation of the criminal laws of the United States, or of any state;" (Emphasis added)

The trial court concluded this provision "does not authorize forfeiture based on possession of marijuana and drug paraphernalia alone" and denied the application based on its finding that this matter involved possession only and not possession with intent to distribute. Anthony does not dispute the fact that he unlawfully possessed marijuana, a controlled dangerous substance under the Act, while driving the pickup. Likewise, DPS does not allege Anthony was transporting the marijuana for the purpose of distribution. The sole issue is whether simple possession of a controlled dangerous substance while occupying a vehicle is sufficient to trigger the forfeiture provisions of § 2–503. In order to determine this question we must construe the statute.

   ■■■  The governing principle in statutory construction is legislative intent. *City of Chandler v. State ex rel. Department of Hu-*

*man Serv.,* 839 P.2d 1352 (Okla.1992); *Rout v. Crescent Pub. Works Auth.,* 878 P.2d 1045 (Okla.1994). This intent is ascertained from the whole act in light of its general purpose and objective. *Id.* If the language is plain and clearly expresses legislative will, such language will be followed without further inquiry. *Ibid.* However, if the statute is ambiguous or its meaning uncertain, it is to be given a reasonable and sensible construction, one that will avoid absurd consequences, if this can be done without violating legislative intent. *City of Chandler, supra; TRW/Reda Pump v. Brewington,* 829 P.2d 15 (Okla.1992).

   ■■■  We also note that the law abhors forfeitures, and statutes authorizing forfeiture of private property are to be *strictly* construed. *State v. Fish,* 747 P.2d 956 (Okla. 1987); *State v. Nesbitt,* 634 P.2d 1306 (Okla. 1981); *Willhite v. Willhite,* 546 P.2d 612 (Okla.1976); *Pirkey v. State,* 327 P.2d 463 (Okla.1958). A forfeiture will not be allowed except when required by *clear statutory language. Fish, supra; Nesbitt, supra; Pirkey, supra.*

DPS contends § 2–503(A)(4) is clear and unambiguous and that the phrase "when such property is unlawfully possessed by an occupant thereof" clearly expresses a legislative intent to allow forfeitures of vehicles in which an occupant unlawfully possesses controlled dangerous substances. However, DPS is mistaken in its interpretation of the statute. It focuses entirely on the "unlawful possession" to the exclusion of addressing the meaning of the term "occupant thereof."

   ■■■  Therefore, we are called upon to determine the purpose and objective of the Act in general and the forfeiture provisions in particular. We must read the forfeiture provision in its entirety so that every part is rendered operative. *Medina v. State,* 871 P.2d 1379 (Okla.1993). DPS's reading ignores the remainder of the statute. Instead of referring to both trafficking and possession of controlled dangerous substances, subsection (A)(4) governs only conveyances in-

volved in the cultivation, concealment, and transportation of controlled dangerous substances *for the purpose of distribution, sale, or receipt*. A complete and reasonable construction includes the entire statute so that the phrase "when such property is unlawfully possessed by an occupant thereof" is based on all the language of subsection (A)(4) preceding that phrase.

The forfeiture provision therefore only applies to a vehicle occupied by a person who is using it to transport, conceal or cultivate for the purpose of distribution or to facilitate the transportation or cultivation for the purpose of sale or receipt of controlled dangerous substances he or she unlawfully possesses. No other reading takes into consideration all of the language of the statute and renders every term operative.

Our construction of § 2–503 not only renders every term operative but also upholds the intended objective of the statute: to deter the transportation of controlled dangerous substances intended for sale or distribution. Our construction is also in keeping with the historical basis for forfeiture of private property, that the property itself is "guilty" of the offense and the "forfeiture serves, at least in part, to punish the owner" for allowing his property to be used to commit the offense. *Austin v. United States,* — U.S. —, —, 113 S.Ct. 2801, 2810, 125 L.Ed.2d 488 (1993). A vehicle has not been used to commit a crime when the offense is unlawful possession. Rather, it is the occupant who possesses the controlled dangerous substance and not the vehicle. However, in the case of transporting controlled dangerous substances *for the purpose of sale or distribution,* the vehicle is clearly an instrument of the crime.

The primary holding of *Austin* is that forfeiture is penal in nature, and therefore, the "excessive fines" clause of the Eighth Amendment to the U.S. Constitution applies to any forfeiture under statutes such as the one at issue in the case at bar. In finding such forfeiture statutes to be penal in nature, the Court noted that Congress's intent in allowing forfeitures for drug-related offenses was to *deter* and *punish* drug trafficking. — U.S. at —, 113 S.Ct. at 2811.

In construing a forfeiture statute very similar to § 2–503, the Utah Supreme Court held in *State v. One Porsche 2–Door,* 526 P.2d 917, 918–19 (Utah 1974), as follows:

> "It appears obvious that the *primary* and *sole purpose* of the statute *and the intent of the legislature* were directed exclusively toward the transportation of a controlled substance for distribution according to erstwhile law merchant principles, and not for personal possession and consumption.
>
> Let's look at the statute which points strictly to *transportation,* not mere possession. It says: 'All *conveyances* (connoting *transportation* ) including aircraft, vehicles or vessels (connoting *transportation*) used or intended for use, to *transport* (connoting *transportation* ), or in any manner *facilitate* the *transportation,* sale, receipt, possession, or concealment of property … except …' are forfeitable." (Emphasis in original).

Even though that statute seemed to allow forfeiture for possession, the Utah court determined that the purpose of the statute was to deter the transportation of controlled dangerous substances. Consequently, forfeiture was not permissible where the possession was not for the purpose of transporting the substance to sell or distribute. The statute was designed to eliminate trafficking of drugs.[1]

In addition, 63 O.S.1991, § 2–503, was modeled after Uniform Controlled Sub-

---

1. To the extent that *State v. One Porsche 2–Door* required "a showing of a profit motive on the part of the person involved in the transportation and distribution of drugs", the Utah Supreme Court overruled it in *State v. One 1983 Pontiac,* 717 P.2d 1338, 1340 (Utah 1986). However, the Court affirmed its holding that the major thrust of the forfeiture statute "is to strike at those involved in the trafficking of drugs, rather than at the individual whose possession is solely for his own consumption." *Id.*

stances Act, § 505, of the Uniform Laws Annotated. Although the Oklahoma Legislature altered the § 505 language in enacting § 2–503 [2], the Comment to § 505 is instructive. It reads:

> "This Section is designed to provide forfeiture provisions for those States which do not already have them and to revise those State forfeiture laws which have become obsolete and unenforceable over the years. *Effective law enforcement demands that there be a means of confiscating the vehicles and instrumentalities used by drug traffickers in committing violations under this Act. The reasoning is to prevent their use in the commission of subsequent offenses involving transportation or concealment of controlled substances and to deprive the drug trafficker of needed mobility....* With comprehensive and effective forfeiture provisions, States may be less reluctant to implement them and begin confiscating the tools of the drug trafficker." 9 Uniform Laws Annotated, Master Edition, § 505 Comment, pp. 835–36 (Emphasis added).

If the legislature had intended vehicles to be subject to forfeiture for simple possession, it could have written a statute to explicitly provide for that result. Arizona's forfeiture statute, A.R.S. § 36–1041, for instance, provides for forfeiture of any vehicle "in which a narcotic is unlawfully possessed by an occupant." The Arizona Court of Appeals has found that statute clearly and unambiguously allows forfeiture for possession of a narcotic. *In the Matter of One 1965 Ford Econoline Van,* 121 Ariz. 477, 591 P.2d 569 (Ct.App. 1979). For this reason the federal decisions cited by DPS are not helpful. They concern statutes which authorize forfeiture of vehicles for mere possession of controlled substances. *See, for instance, Calero–Toledo v. Pearson Yacht Leasing Co.,* 416 U.S. 663, 94 S.Ct. 2080, 40 L.Ed.2d 452 (1974) (construing Puerto Rican law, P.R. Laws Ann. tit. 24, § 2512(a) (Supp.1973)); *U.S. v. One 1976 Porsche 911 S,* 670 F.2d 810 (9th Cir.1979) (construing 21 U.S.C.A., § 881).

Simple possession of a controlled dangerous substance does not trigger the forfeiture provisions of § 2–503(A)(4). The Court of Appeals opinions in *State ex rel. Douthitt v. Barnard,* 831 P.2d 1021 (Okla.Ct.App.1992), and *State ex rel. Department of Pub. Safety v. 1989 Ford Probe, VIN # 1ZVBT21C3K5182641, OK Tag # ICW579,* 854 P.2d 386 (Okla.Ct.App.1993), are therefore overruled.

■■■ In its petition in error, DPS also asserted the trial court erred in refusing to grant its motion to strike the responses of the claimants because 63 O.S.1991, § 2–506 requires verified answers, and the claimants' responses were not verified. The Court of Appeals determined the trial court did not abuse its discretion in allowing such unverified responses from the *pro se* claimants. Want of verification of pleading is a non-jurisdictional defect. *In re Matter of Delaney,* 617 P.2d 886 (Okla.1980). Although DPS mentions the issue in its Petition for Certiorari, no argument is made and no au-

---

**2.** The Legislature added language to § 2–503 including the phrase at issue that does not appear in § 505. Section 505(a)(4) provides in part:

"(a) The following are subject to forfeiture:

\* \* \* \* \* \*

(4) all conveyances, including aircraft, vehicles or vessels, which are used, or intended for use, to transport, or in any manner to facilitate the transportation, for the purpose of sale or receipt of property described in paragraph (1) or (2), but:

(i) no conveyance used by any person as a common carrier in the transaction of business as a common carrier is subject to forfeiture under this Section unless it appears that the owner or other person in charge of the convey-

ance is a consenting party or privy to a violation of this Act;

(ii) no conveyance is subject to forfeiture under this Section by reason of any act or omission established by the owner thereof to have been committed or omitted without his knowledge or consent;

(iii) a conveyance is not subject to forfeiture for a violation of Section 401(c); and,

(iv) a forfeiture of a conveyance encumbered by a bona fide security interest is subject to the interest of the secured party if he neither had knowledge of nor consented to the act or omission." 9 Uniform Laws Annotated § 505, pp. 833–34.

thority is cited on the issue. Consequently, we do not address the question. *Hough v. Leonard,* 867 P.2d 438 (Okla.1993).

For the above and foregoing reasons, the opinion of the Court of Appeals is VACATED, and the judgment of the district court is AFFIRMED.

WILSON, C.J., KAUGER, V.C.J., and LAVENDER, HARGRAVE, OPALA, SUMMERS and WATT, JJ., concur.

HODGES, J., dissents.

HODGES, Justice, dissenting:

The majority today holds that section 2–503(A)(4) of title 63 does not apply to possession of a controlled dangerous substance without either the purpose of distribution, sale or receipt of the property. I must respectfully dissent.

The statute at issue, Okla.Stat. tit 63, § 2–503(A) (1991), states in pertinent part:

A. The following shall be subject to forfeiture:

.    .    .    .    .

4. All conveyances, including aircraft, vehicles, vessels, or farm implements which are used to transport, conceal, or cultivate for the purpose of distribution as defined in Section 2–101 of this title, *or* in any manner to facilitate the transportation or cultivation for the purposes of sale or receipt of property described in paragraphs 1 or 2 of this subsection *or when such property is unlawfully possessed by an occupant thereof...*

(Emphasis added.)

As a rule of statutory construction the Court must first look to the plain language of the statute. *In re Estate of Flowers,* 848 P.2d 1146, 1151 (Okla.1993). This Court has held that "[i]f a statute is plain and unambiguous and its meaning clear ... [the] statute will be accorded the meaning expressed by the language used," *TRW/Reda Pump v. Brewington,* 829 P.2d 15, 20 (Okla.1992),

making it unnecessary to apply rules of statutory construction. *Flowers,* 848 P.2d at 1151.

The initial question is whether or not the statute is ambiguous. The use of the disjunctive word "or" is important. Canons of construction ordinarily suggest that terms connected by a disjunctive be given separate meanings. *Reiter v. Sonotone Corp.,* 442 U.S. 330, 99 S.Ct. 2326, 60 L.Ed.2d 931 (1979).

If each term in section 2–503(A)(4) that is connected by the disjunctive "or" is given its plain and ordinary meaning, the clause at issue would include possession alone. While each of the preceding clauses specifically expresses a requirement that there be a purpose of distribution, sale or receipt, the third clause does not. Okla.Stat. tit. 63, § 2–503(A)(4).

The maxim the expression of one thing is the exclusion of the other is applicable in this case. *Pub. Serv. Co. of Okla. v. State ex rel. Corp. Comm'n.,* 842 P.2d 750, 753 (Okla. 1992); *Newblock v. Bowles,* 40 P.2d 1097, 1100 (Okla.1935). The legislature, by including distribution, sale or receipt as a requirement for forfeiture in clauses one and two, but not for the clause at issue, expressed its intent, and the plain language of the statute should govern.

This Court has also stated that "[s]tatutes must be construed to give meaning to each portion thereof and not so that a statute is rendered superfluous." *Anderson v. O'Donoghue,* 677 P.2d 648, 651 (Okla.1983). Stated another way, the legislature will not be presumed to have done a vain or useless act. *TRW/REDA,* 829 P.2d at 20. Clauses one and two of section 2–503(A)(4) clearly cover forfeitures in which the elements of purpose to distribute, sell, or receive are present. Imposing those elements on clause three renders it superfluous. If those elements are present then the forfeiture is governed by clause one or two. If those elements are not present *and* the statute is construed so that clause three does not cover possession alone, then clause three has no function. Therefore, the clause at issue must be read to cover possession alone.

The majority opinion states that section 2–503(A)(4) is intended to address only distribution, sale, and receipt. Such a reading is not consistent with the plain language. Furthermore, a focus on "drug trafficking" does not preclude possession from being included in the forfeiture provision. In fact, the federal courts have consistently ruled possession alone sufficient to satisfy the federal statute, 21 U.S.C. § 881 (1988). *See, e.g. United States v. One 1986 Mercedes Benz,* 846 F.2d 2, 5 (2nd Cir.1988); *United States v. One 1976 Porsche 911S,* 670 F.2d 810, 812 (9th Cir.1979); *United States v. One Clipper Bow Ketch Nisku,* 548 F.2d 8, 11 (1st Cir.1977).

The statute is plain and unambiguous on its face. A conveyance may be forfeited when the occupant thereof is in unlawful possession of property described in paragraph one or two of section 2–503(A). Any other reading of the statute renders the possession clause meaningless.

I would dissent and find that section 2–503(A)(4) of title 63 applies to possession of a controlled dangerous substance without requiring a purpose of distribution, sale or receipt. However, I note that the constitutionality of the forfeiture under the Eighth Amendment of the United States Constitution was not properly raised by the party or considered by the Court.