OSCN Found Document:STATE ex rel. HARRIS v. 2011 HONDA

 
 
 

 
 
 
 
 
 
 
 

 


 
 
 
 
 
 


 
 OSCN navigation


 
 
 Home

 
 Courts

 
 
 Court Dockets
 

 
 Legal Research

 
 Calendar

 
 Help
 
 





 
 
 
 Previous Case

 
 Top Of Index

 
 This Point in Index

 
 Citationize

 
 Next Case

 
 Print Only
 
 
 
 
 

 
 
 
 STATE ex rel. HARRIS v. 2011 HONDA
2015 OK 11
Case Number: 111777
Decided: 03/03/2015
THE SUPREME COURT OF THE STATE OF OKLAHOMA
Cite as: 2015 OK 11, __ P.3d __

 
NOTICE: THIS OPINION HAS NOT BEEN RELEASED FOR PUBLICATION. UNTIL RELEASED, IT IS SUBJECT TO REVISION OR WITHDRAWAL. 

STATE OF OKLAHOMA ex rel. TIM HARRIS, District Attorney, Plaintiff/Appellant,
v.
2011 Honda VIN: 1HGCS1B86BA013057, Tag: 2012 OK 176-HMU, And EIGHT HUNDRED FOUR DOLLARS ($804.00), Defendants,

CRAIG BICKLE, PAM BICKLE, And ASHLEY BICKLE, Claimants/Appellees.

¶0 As a result of a drug arrest, a forfeiture proceeding was commenced by the State against a 2011 Honda carrying the drugs and $804.00 confiscated in the vicinity of the drugs. Ashley Bickle was on the title of the Honda as an owner, and she was a passenger in the vehicle at the time the drugs were found. Craig and Pam Bickle are Ashley's parents and are also listed on the title as owners of the Honda. The district court granted summary judgment in favor of the claimants/appellees, Craig and Pam Bickle, finding that the two were entitled to the "innocent owner defense" and possession of the Honda. The Court of Civil Appeals, on de novo review, reversed and remanded for further proceedings. This Court granted certiorari.

THE OPINION OF THE COURT OF CIVIL APPEALS, DIVISION 1, IS
VACATED. THE JUDGMENT OF THE DISTRICT COURT IS AFFIRMED.

Douglas A. Wilson, TULSA COUNTY DISTRICT ATTORNEY'S OFFICE, Tulsa, Oklahoma, for plaintiff/appellant.
Stanley D. Monroe, Kristen L. Palfreyman, MONROE & ASSOCIATES, Tulsa, Oklahoma, for claimants/appellees Craig Bickle and Pam Bickle,
Robert Stubblefield, Tulsa, Oklahoma, for claimant/appellee Ashley Bickle.

WINCHESTER, J.

¶1 In a civil forfeiture action for possession of a 2011 Honda Accord, the district court granted summary judgment in favor of the claimants/appellees, Craig and Pam Bickle. The issue is whether the "innocent owner" defense is available to innocent joint owners of a vehicle when one of the joint owners has committed an offense subjecting a vehicle to forfeiture. After de novo review, we hold that Craig and Pam Bickle are entitled to possession of the vehicle under that defense.

¶2 As a result of a drug arrest, the State commenced a forfeiture proceeding against a 2011 Honda Accord carrying the drugs and against $804.00 confiscated in the vicinity of the drugs. At the time the drugs were found the passenger in the Honda, Ashley Bickle, was on the title as an owner. Ashley's parents, Craig and Pam Bickle were also listed on the title as owners of the car. The State of Oklahoma alleged that no genuine issue of material fact existed regarding the parents' claim to the vehicle, so the State moved for summary judgment with regard to their interests in the Honda. The parents agreed no issue of material fact remained, but asserted they were entitled to judgment under those uncontested facts. The trial court granted summary judgment in their favor, finding that the two were entitled to the innocent owner defense, and therefore to possession of the vehicle. The Court of Civil Appeals, on de novo review, reversed and remanded for further proceedings. This Court granted certiorari.

¶3 In March of 2011, Ashley's parents purchased the Honda for her. The Oklahoma Certificate of Title and the Oklahoma Vehicle Registration list the owners as "Craig Bickle or Pam Bickle or Ashley Bickle." By this the parents intended to maintain control over the car until Ashley finished school and bought the car from them. They insured it and paid for repairs when it was damaged.

¶4 On September 6, 2011, Broken Arrow police officers stopped the Honda for multiple traffic violations. James McGinnis was driving and Ashley was in the front passenger seat. The police officers could smell raw marijuana coming from within the car and could see marijuana in plain view. After a search, the officers subsequently discovered a half-pound of marijuana in the Honda and the police seized the car and $804.00[1] from McGinnis and Ashley. The State of Oklahoma brought an action to obtain the car by forfeiture pursuant to 63 O.S. § 2-501 et seq.

¶5 The court found that the parents had no knowledge of the unlawful use of the Honda. The parents purchased the car for $25,187.00 with funds from their savings account. Ashley subsequently paid her parents this amount in full, and disclaimed any interest in the vehicle. Nevertheless, the parents still possessed full ownership rights.

¶6 The innocent owner defense derives its authority from a subsection in the forfeiture statute, § 2-503 of title 63.[2] Subsection (A)(4)(b) provides:

"b. no conveyance shall be forfeited under the provisions of this section by reason of any act or omission established by the owner thereof to have been committed or omitted without the knowledge or consent of such owner, and if the act is committed by any person other than such owner the owner shall establish further that the conveyance was unlawfully in the possession of a person other than the owner in violation of the criminal laws of the United States, or of any state. . . ."[3]

¶7 This issue is a matter of first impression for this Court. In construing this statute, we first observe that the law abhors forfeitures, so statutes authorizing forfeiture of private property are to be strictly construed. State ex rel. Dept. of Public Safety v. 1985 GMC Pickup, 1995 OK 75, ¶ 8, 898 P.2d 1280, 1282. This cited case involved the forfeiture of a pickup truck for the simple possession of marijuana, and that Court held such was not a proper basis for forfeiture of a vehicle. State ex rel. Dept. of Public Safety, 1995 OK 75, ¶ 3, 898 P.2d at 1281. In construing statutes our governing principle is legislative intent, and if the statute is ambiguous or its meaning uncertain, we must give it a reasonable and sensible construction. State ex rel. Dept. of Public Safety, 1995 OK 75, ¶ 7, 898 P.2d at 1282.

¶8 The statute refers to "owner" in the singular, and our facts show that the Honda has three owners. Should the ownership rights of the parents also be forfeited even though they were innocent parties? The critical point in this case is the parents remained on the title to the vehicle. They could continue to make repairs, pay insurance, or use the vehicle themselves. The fact that the daughter paid her parents for the car did not place them in the position of a mere creditor whose rights must be released once the debt was paid. Their level of knowledge of their daughter's wrongdoing is uncontested. They are innocent owners. The facts of the ownership, including payment of insurance and repairs, were not contested. The title is not contested.

¶9 We conclude that the legislature did not intend for innocent owners to be deprived of their ownership rights by the actions of a guilty party in a vehicle forfeiture proceeding. The statute does not address this specific set of facts. It addresses a scenario where the owner commits the offense making the vehicle subject to forfeiture. In this case one of the owners of the vehicle unlawfully used it, but the other two owners were innocent.

¶10 Section 2-503 provides that the vehicle of innocent owners will not be forfeited. The parents in this case are innocent parties and therefore have a right to retain the vehicle. We hold that the intended objective by the legislation of deterring the transportation of controlled substances intended for sale or distribution is not furthered by forfeiture of a vehicle that also belongs to innocent parties.

THE OPINION OF THE COURT OF CIVIL APPEALS, DIVISION 1, IS
VACATED. THE JUDGMENT OF THE DISTRICT COURT IS AFFIRMED.

CONCUR: REIF, C.J., COMBS, V.C.J., WATT, WINCHESTER, EDMONDSON, COLBERT, GURICH, JJ.

DISSENT: KAUGER, TAYLOR, JJ.

FOOTNOTES

[1] The $804.00 is not raised as an issue in this appeal.

[2] Section 2-503 has been amended by Oklahoma Sesssion Laws 2014, HB 2666, c. 154, § 5, eff. November 1, 2014. The act resulting in the forfeiture action occurred in 2011. The controlling statute would be 63 O.S.2011, § 2-503. However, subsection (A)(4)(b) is identical to the 2014 amendment to that subsection.

[3] In State ex rel. Wood v. Gold/Blue 1998 Chevrolet Blazer, 1996 OK CIV APP 86¶ 5, 924 P.2d 792, 794, the Court of Civil Appeals, declared a portion of this statute unconstitutional. The portion reads: " . . .and if the act is committed by any person other than such owner the owner shall establish further that the conveyance was unlawfully in the possession of a person other than the owner in violation of the criminal laws of the United States, or of any state." That court found the phrase denied equal protection by affording innocent ownership of certain conveyances lesser protection than afforded other innocent owners and ownership interests. We accept this holding in deciding the case presently before this Court.






 Citationizer© Summary of Documents Citing This Document
 
 
 Cite
 Name
 Level
 
 
 None Found.
 
 
 Citationizer: Table of Authority
 
 
 Cite
 Name
 Level
 
 
 Oklahoma Court of Civil Appeals Cases
 Cite
Name
Level

 1996 OK CIV APP 86, 924 P.2d 792, 67 OBJ 2731, State ex rel. Wood v. Gold/Blue 1988 Chevrolet Blazer Bearing Kansas Tag IDL865, VIN 1GNCT18Z9J0176308,
Discussed
Oklahoma Supreme Court Cases
 Cite
Name
Level

 1995 OK 75, 898 P.2d 1280, 66 OBJ 2327, State ex rel. Dept. of Public Safety v. 1985 GMC Pickup
Discussed at Length
Title 63. Public Health and Safety
 Cite
Name
Level

 63 O.S. 2-501, Powers of Enforcement Personnel
Cited
 63 O.S. 2-503, Property Subject to Forfeiture
Cited