STATE OF NEBRASKA,

v.

Joe RICHTER, United States of America, Appellant.

Richard L. Tegtmeier and Bennett Tegtmeier and Sears, P.C., Appellees.

No. 84–2159.

United States Court of Appeals, Eighth Circuit.

Submitted May 14, 1985.

Decided June 12, 1985.

McMillian, Circuit Judge, filed an opinion concurring in part and dissenting in part.

Thomas M. Preston, Washington, D.C., for appellant.

Benjamin Waxman, Colorado Springs, Colo., for appellees.

Before HEANEY, Circuit Judge, FLOYD R. GIBSON, Senior Circuit Judge, and McMILLIAN, Circuit Judge.

HEANEY, Circuit Judge.

The United States appeals from a decision of the United States District Court establishing the priority of liens on money seized as part of a criminal investigation by Nebraska authorities. The government asserts that the district court erred in giving priority to attorney's liens filed by Richard Tegtmeier over tax liens filed by the Internal Revenue Service. We affirm.

The Scottsbluff City Police Department seized $13,240 from Joe Richter as part of its investigation into Richter's involvement with controlled substances. Richter hired Tegtmeier to defend him in this criminal matter. After the criminal case was resolved, the IRS and Tegtmeier asserted competing claims to the seized money based on Richter's tax liabilities and on his unpaid obligations to Tegtmeier. The case was removed to federal district court, and after a series of hearings, the district court determined that Tegtmeier's attorney's lien was valid under Neb.Rev.Stat. § 7–108. The district court determined the priorities among the liens in the order and amounts as follows: (1) reasonable attorney's fees of $2,400 for securing the return of the seized money; (2) unpaid tax liens of $5,794.70 assessed prior to May 29, 1981; (3) the remainder of the unpaid attorney's lien in the amount of $5,045.30; and (4) unpaid portions of tax liens assessed after May 29, 1981.[1]

The government challenges this determination of priorities on the ground that Tegtmeier did not perfect his attorney's lien under Neb.Rev.Stat. § 7–108[2] because the seized money was not "in the hands of an adverse party within the meaning of the statute." We find the cases cited by the government to be entirely inapposite, as they deal with court-appointed receivers. For purposes of the attorney's lien statute, we hold that seizure of money pursuant to a criminal investigation neces-

---

1. For clarity we note that the tax liens enjoy different priorities because they were perfected at different times; for the four tax years in question, the tax liens were perfected on six dates over three and a half years. The district court found that the first four of these tax liens enjoyed a higher priority than the second attorney's lien, while the latter two tax liens earned a lower priority.

2. That section provides:

An attorney has a lien for a general balance of compensation upon any papers of his client which have come into his possession in the course of his professional employment; and upon money in his hands belonging to his client, and in the hands of the adverse party in an action or proceeding in which the attorney was employed from the time of giving notice of the lien to that party.

sarily creates an adversarial relationship between the defendant-property owner and the state. This juxtaposition of interests is clearly distinguishable from the case of a neutral court-appointed receiver. Moreover, this case presents a situation in which the defendant benefited from advice of counsel whom the statute seeks to protect through the recognition of a lien. Thus, we find that the plain meaning of the statute creates a valid lien for the attorney under the circumstances of this case.

▪▪▪ The government also challenges the district court's determination that the $2,400 attorney's lien was entitled to a superpriority under 26 U.S.C. § 6323(b)(8).[3] Close reading of the statute confirms that its plain meaning supports the district court's interpretation: where an attorney holds a lien that is valid under local law, and where the lien is for "reasonable compensation for *obtaining such judgment* or *procuring such settlement*" (emphasis added), the attorney's lien is entitled to priority. Because the record appears to support Tegtmeier's claim that his services were necessary to release these funds, we find that he obtained the judgment under the terms of the statute, and is entitled to lien priority as ordered by the district court.

▪▪▪ The government also argues implicitly that the second attorney's lien in the amount of $5,794.70 was improperly awarded to Tegtmeier because the government's tax lien arose upon assessment of the deficiency on April 12, 1981, which antedated Tegtmeier's lien. *See* 26 U.S.C. § 6322. We note, however, that, although the district court relied upon the wrong dates, it used the correct method for determining when a lien becomes choate. That method, which the government does not challenge,

rests upon the Supreme Court's statement in *United States v. Pioneer American Insurance Co.*, 374 U.S. 84, 89, 83 S.Ct. 1651, 1655, 10 L.Ed.2d 770 (1963) that state liens are "perfected in the sense that there is nothing more to be done to have a choate lien—when the identity of the lienor, the property subject to the lien, and the amount of the lien are established." Although the district court erroneously selected May 29, 1981 as the date Tegtmeier perfected his lien, we note that under *Pioneer*, the statement that Tegtmeier sent Richter on April 8, 1981 establishing the amount due and owing at $30,142.08 perfected the lien and made it choate as of that date. Because this lien was perfected before the government's tax lien, it is entitled to priority and we do not disturb the district court's determination.

Accordingly, the judgment of the district court is affirmed.

McMILLIAN, Circuit Judge, concurring in part and dissenting in part.

I agree with the district court's determination that the attorney was entitled to a superpriority under 26 U.S.C. § 6323(b)(8) over the outstanding federal tax liens in the stipulated amount of $2,400. It appears from the record that the attorney's services were necessary to obtain the return of the money by the state authorities.

I do not agree, however, that the attorney has a valid attorney's lien. I am reluctant to disagree with the district court over a question of Nebraska law. Nonetheless, I do not agree that the seizure of money pursuant to a criminal investigation and its holding by the clerk of the state district court as evidence in the criminal prosecution necessarily makes the state an "adverse party" for purposes of the attorney's

---

**3.** That section provides that a federal tax lien does not take precedence over attorney's liens under certain circumstances:

**Attorneys' liens.**—With respect to a judgment or other amount in settlement of a claim or of a cause of action, as against an attorney who, under local law, holds a lien upon or a contract enforcible against such judgment or amount, to the extent of his rea-

sonable compensation for obtaining such judgment or procuring such settlement, except that this paragraph shall not apply to any judgment or amount in settlement of a claim or of a cause of action against the United States to the extent that the United States offsets such judgment or amount against any liability of the taxpayer to the United States.

26 U.S.C. § 6323(b)(8).

lien statute, Neb.Rev.Stat. § 7–108 (Reissue 1983). In the absence of forfeiture proceedings or some claim of ownership by the state, I would argue that, at least for purposes of the attorney's lien statute, the clerk of the state district court does occupy a position analogous to that of a court-appointed receiver. I would hold that the attorney did not have a valid attorney's lien in the money held by the clerk of the state district court and, accordingly, would reverse the district court's judgment to the extent that it holds the attorney's lien is valid and grants the perfected attorney's lien priority over the outstanding federal tax liens.